UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

CASE NO. 20-02816-GHW

JASMINE BURGESS,

Plaintiff,

vs.

MAJOR MODEL MANAGEMENT, INC., and
GUIDO DOLCI

Defendants.
_____/

# DEFENDANT MAJOR MODEL MANAGEMENT INC.'S
# ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

COME NOW, Defendants, MAJOR MODEL MANAGEMENT, INC. (herein "MAJOR MODEL"), by and through their undersigned attorneys, hereby files its Answer to the Complaint and Affirmative Defenses, and contend as follows:

1. Admitted that Plaintiff purports to bring claims against Defendants. Paragraph 1 is denied to the extent that Plaintiff is entitled to relief.

2. Admitted that Plaintiff seeks to recover pursuant to the FLSA. Paragraph 2 is denied to the extent that Plaintiff is entitled to relief.

3. Admitted that Plaintiff seeks to recover pursuant to the New York Labor Law. Paragraph 3 is denied to the extent that Plaintiff is entitled to relief.

4. Admitted.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied as Defendants were not lawfully required to provide such documents.

22. Denied as Defendants were not lawfully required to provide such documents.

23. Denied as Defendants were not lawfully required to provide such documents.

24. Denied.

25. Denied.

26. Denied.

## **JURISDICTION AND VENUE**

27. Admitted this Court has jurisdiction over the federal cause of action. Denied that Plaintiff is entitled to relief.

28. Admitted this Court has jurisdiction over the state causes of action. Denied that Plaintiff is entitled to relief.

29. Admitted this Court is empowered to issue declaratory judgments. Denied that Plaintiff is entitled to relief.

30. Defendant Major Model admits the Court has personal jurisdiction over itself. Denied as without knowledge as to DOLCI.

31. Defendant Major Model admits the Court has personal jurisdiction over itself. Denied as without knowledge as to DOLCI.

## PARTIES

### Plaintiff Jasmine Burgess

32. Denied as without knowledge.

33. Denied.

34. Denied.

### Defendant Major Model Management, Inc.

35. Admitted.

36. Admitted.

37. Admitted.

38. Admitted.

39. Admitted.

40. Admitted.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Admitted that Plaintiff began providing services on or about May 29, 2012 for Defendant Major Model. All other allegations and inferences in paragraph 46 are denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Defendant Major Model admits that it coordinated a schedule for the benefit of Plaintiff. All other allegations in paragraph 53 are denied.

54. Admitted.

55. Admitted.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Admitted.

61. Denied.

62. Denied.

## Defendant Guido Dolci

63. Admitted that DOLCI is the founder and owner of MAJOR MODEL. It is further admitted that DOLCI is the president of MAJOR MODEL since November 20, 2017. All other allegations in paragraph 63 are denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

## PLAINTIFF'S FACTUAL ALLEGATIONS

83.    Admitted as to MAJOR MODEL. Denied as to DOLCI.

84.    Paragraph 84 contains citations to a contract and the contract speaks for itself. To the extent a response is required, it is admitted that the quoted statements in lists (a) through (l) appear in the contract. All other allegations in paragraph 84 and its subset list of (a) through (n) are denied.

85.    Admitted as to MAJOR MODEL. Denied as to DOLCI.

86.    Admitted as to Defendant MAJOR MODEL. Denied as to DOLCI.

87.    Denied.

88.    Admitted as to MAJOR MODEL. Denied as to DOLCI.

89.    Admitted as to MAJOR MODEL.

90.    Denied.

91.    Denied.

92.    Paragraph 92 is admitted to the extent that Defendant MAJOR MODEL scheduled appointments for modeling work. Paragraph 92 is otherwise denied.

93.    Denied.

94.    Paragraph 94 is admitted in part and denied in part. Paragraph 94 is denied that Defendants imposed "numerous rules, policies, procedures and requirements on Plaintiff" and further denies list items 1 through 5, 18 through 21. Defendant MAJOR MODEL admits to list items 6 through 17, based on agreed upon terms in the independent contractor agreement entered into with Plaintiff. All other allegations in paragraph 94 are denied.

95.    Denied.

96.    Denied.

97. Denied.

98. Denied.

99. Denied.

100. Admitted that Defendant MAJOR MODEL directly paid Plaintiff for services. All other allegations in paragraph 100 are Denied.

101. Admitted.

102. Admitted.

103. Admitted as to Defendant MAJOR MODEL. Denied as to Defendant DOLCI.

104. Denied.

105. Denied.

106. Paragraph 106 is admitted to the extent that Major Model received a 20% Agency fee. All other allegations in paragraph 106 are denied.

107. Paragraph 107 sets forth a speculative argument which could not be admitted nor denied as fact by Defendants. To the extent a response is required, paragraph 107 is denied as without knowledge of the speculative argument.

108. Paragraph 108 sets forth a speculative argument which could not be admitted nor denied as fact by Defendants. To the extent a response is required, paragraph 108 is denied as without knowledge of the speculative argument.

109. Denied.

110. Paragraph 110 is admitted as to Defendant Major Model. All other allegations in paragraph 110 are denied.

111. Denied.

112. Denied.

113. Denied.

114. Admitted.

115. Admitted.

116. Denied.

117. Denied.

118. Denied.

119. Admitted as to Defendant MAJOR MODEL. Denied as without knowledge of DOLCI.

120. Admitted as to Defendant MAJOR MODEL. Denied as without knowledge of DOLCI.

121. Denied.

122. Denied.

123. Admitted.

124. Admitted.

125. Paragraph 125 refers to "model commission" and "agency fees" which are not defined by the complaint. Accordingly, Defendant MAJOR MODEL denies paragraph 125 as without knowledge.

126. Denied.

127. Denied.

128. Paragraph 128 is Denied to the extent that the plaintiff signs its models as contractors and keeps contractor records regarding their provision of modeling services.

129. Denied.

130. Denied.

131. Denied.

132. Paragraph 132 sets forth a statement of law which does not require a response. To the extent a response is required, paragraph 132 is admitted.

133. Denied.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

143. Denied.

144. Admitted.

145. Denied.

146. Admitted. Defendant MAJOR MODEL's clients would set rates for modeling services.

147. Denied.

148. Admitted as to Defendant MAJOR MODEL. Denied as without knowledge as to Defendant DOLCI.

149. Admitted as to Defendant MAJOR MODEL. Denied as without knowledge as to Defendant DOLCI.

150. Paragraph 150 is admitted to the extent that Plaintiff had access to the modeling schedule software. All other allegations in paragraph 150 are denied.

151. Denied.

152. Admitted as to Defendant MAJOR MODEL. Denied as without knowledge as to Defendant DOLCI.

153. Denied.

154. Denied.

155. Denied.

156. Denied.

157. Denied.

158. Denied.

159. Denied.

160. Denied.

161. Admitted that Defendant MAJOR MODEL takes a portion of the client's payments for providing its services. All other allegations in paragraph 161 are denied.

162. Denied.

163. Denied.

164. Denied.

## FIRST CAUSE OF ACTION
FLSA CLAIMS – MINIMUM WAGE

165. Defendant incorporates by reference each and every response in the preceding paragraphs and further contends as follows.

166. Denied.

167. Denied.

168. Denied.

169. Denied.

170. Denied.

171. Admitted.

172. Denied.

173. Denied.

174. Denied.

175. Denied.

176. Denied.

## SECOND CAUSE OF ACTION
NEW YORK LABOR LAW – MINIMUM WAGE

177. Defendant incorporates by reference each and every response in the preceding paragraphs and further contends as follows.

178. Denied.

179. Denied.

180. Denied.

181. Denied.

182. Denied.

183. Denied.

184. Denied.

## THIRD CAUSE OF ACTION
NEW YORK LABOR LAW – MINIMUM WAGE

185. Defendant incorporates by reference each and every response in the preceding paragraphs and further contends as follows.

186. Denied.

187. Denied.

188. Denied.

189. Denied.

190. Denied.

191. Denied.

192. Denied.

**FOURTH CAUSE OF ACTION**
NEW YORK LABOR LAW – FAILURE TO PAY WAGES

193. Defendant incorporates by reference each and every response in the preceding paragraphs and further contends as follows.

194. Denied.

195. Denied.

196. Denied.

197. Denied.

198. Denied.

199. Denied.

200. Denied.

201. Denied.

202. Denied.

203. Denied.

204. Denied.

205. Denied.

**FIFTH CAUSE OF ACTION**
NEW YORK LABOR LAW – UNLAWFUL DEDUCTIONS

206. Defendant incorporates by reference each and every response in the preceding paragraphs and further contends as follows.

207. Denied.

208. Denied.

209. Denied.

210. Denied.

211. Denied.

212. Denied.

213. Denied.

214. Denied.

215. Denied.

216. Denied.

217. Denied.

**SIXTH CAUSE OF ACTION**
NEW YORK LABOR LAW – WAGE NOTICE

218. Defendant incorporates by reference each and every response in the preceding paragraphs and further contends as follows.

219. Denied.

220. Denied.

221. Denied.

222. Denied.

223. Denied.

224. Denied.

225. Denied.

## SEVENTH CAUSE OF ACTION
NEW YORK LABOR LAW – WAGE STATEMENT

226. Defendant incorporates by reference each and every response in the preceding paragraphs and further contends as follows.

227. Denied.

228. Denied.

229. Denied.

230. Denied.

231. Denied.

## PRAYER FOR RELIEF

Defendants deny the unnumbered wherefore clause and deny that Plaintiff is entitled to relief.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' claims are partially barred, or should be reduced by the applicable statute of limitations period as none of Defendants' actions were "willful", as said term is defined by the Fair Labor Standards Act.

2. Count I is barred or limited by 29 C.F.R. § 785.47, the *de minimis* doctrine.

3. Plaintiff is not entitled to compensation under Count I for "preliminary or postliminary activities" in accordance with the Portal-to-Portal Act under the FLSA.

4. Any hours worked beyond Plaintiff's compensated workweek were unauthorized and performed without Defendants' actual or constructive knowledge.

5. Any claim for minimum wage and overtime compensation by Plaintiff must be off-set by any premium compensation, overpayments, bonuses, compensatory time off, or other job-related benefits paid or provided to Plaintiff, including a reduction for any compensation already paid to Plaintiff for periods not compensable under the FLSA and/or New York Labor Law.

6. The regular rate cannot be computed based upon and overtime compensation cannot be recovered by Plaintiff for periods of time during which they performed no work, including vacation and/or sick leave, worker's compensation leave, or were otherwise absent from the workplace during that week, including during holidays, missing meetings and other functions attended voluntarily.

7. Any acts or omissions with regard to its pay practices of Plaintiff were taken in good faith upon a reasonable belief that such pay practices complied with the FLSA and/or New York Labor Law. Accordingly, liquidated damages are not appropriate to be imposed.

8. In the event that Defendants are found to have violated New York Labor Law in failing to provide a wage notice and/or wage statement to Plaintiff, Defendants had a good faith basis in believing that Plaintiff performed services in the capacity of an independent contractor.

9. In the event that Defendants are found to have violated New York Labor Law in failing to provide a wage notice and/or wage statement to Plaintiff, Defendants paid all wages which is lawfully required to pay.

10. Plaintiff performed services as an independent contractor and is thus not afforded any protections under either the FLSA or the New York Labor Law.

11. Defendant DOLCI's liability is derivative to that of the corporation. Upon information and belief, the corporate Defendant is not liable to the Plaintiff, and thus, the individual Defendant is not liable to the Plaintiff.

12. Plaintiff was not a covered employee under the Fair Labor Standards Act as she did not engage in sufficient activities that involved interstate commerce to invoke individual coverage under the Act.

Dated: June 18, 2020

The Law Office of Samuel A. Benjamin, Esq. LLC
20 Pine Street, 2201, New York, NY 10005
Tel: (203) 216-6978
Email: sam@benjaminesq.com

By: /s *Samuel A. Benjamin*
Samuel A. Benjamin
New York Bar Number: 5334404

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer and Affirmative Defenses was sent via notice of electronic filing through the Court's CM/ECF filing system to Cyrus E. Dugger, Esq., The Dugger Law Firm, PLLC, 154 Grand St., New York, NY 10013, on this 18th day of June, 2020.

The Law Office of Samuel A. Benjamin, Esq. LLC
20 Pine Street, 2201, New York, NY 10005
Tel: (203) 216-6978
Email: sam@benjaminesq.com

By: /s *Samuel A. Benjamin*
Samuel A. Benjamin
New York Bar Number: 5334404