

Scott R. Green | Partner
Direct 516.281.9859 | sgreen@goldbergsegalla.com

January 22, 2021

**VIA CM/ECF**
Hon. Gregory H. Woods, United States District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, New York 10007

    Re:  **Burgess v. Major Model Management, Inc., et al**
        **Case No. 1:20 Civ. 02816**

Dear Judge Woods:

  We write on behalf of defendants Major Model Management, Inc. ("Major") and Guico Dolci ("Mr. Dolci") and collectively with Major, "Defendants") in the above matter pursuant to Your Honor's Individual Rules of Practice in Civil Cases to request a pre-motion conference on Defendants request for leave to file a motion pursuant to FRCP 12(b) to dismiss the first, second, third, fourth, fifth, sixth, and seventh causes of action in the Amended Complaint.

### I. The Amended Complaint Violates FRCP(8)(d)

  The first seven causes of action are made under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") (the "Wage Claims") and are directly at odds with the eighth and ninth causes of action for breach of fiduciary duty (the "Fiduciary Duty Claims"). The Wage Claims are predicated upon an employer/employee relationship while the Fiduciary Duty Claims are predicated upon a fiduciary relationship that, in this context, is fundamentally incompatible with the dynamics of the employer/employee relationship. *See Lind v. Vanguard Offset Printers, Inc.,* 857 F. Supp. 1060, 1067 (S.D.N.Y. 1994) (under New York law, an employer-employee relationship is not fiduciary in nature); *Kinsey v. Cendant Corp*., 2004 U.S. Dist. LEXIS 23059, 2004 W.L. 2591946 (S.D.N.Y. 2004); *Madera v. Metro. Life Ins. Co*., 2002 U.S. Dist. LEXIS 12000, 2002 W.L. 1453827 at *8 (S.D.N.Y. 2002).

  On one hand, under New York law, the default rule in employer/employee relationships is one of employment-at-will, in which employment is for an indefinite or unspecified term, is at will, and may be freely terminated by either party at any time without cause or notice. *See Decraene v. Neuhaus (U.S.A.), Inc.*, 2005 US Dist LEXIS 10836, at *19 (S.D.N.Y. 2005). There is no absolute duty whereby the employer must act exclusively in an employee's interest. In employer/employee relationships, employers manage, direct, penalize, and even terminate the employment of employees. The employee is subordinate to the employer, provides services for the benefit of the employer, and any mandates imposed on the employer are minimal.

  On the other hand, under New York law, "[a] fiduciary relationship exists when one party 'is under a duty to act for… another upon matters within the scope of the relation.'" *King County*

January 22, 2021
Page 2

*v. IKB Deutsche Industriebank AG*, 863 F. Supp. 2d 288, 299 (S.D.N.Y. 2012) (*quoting Flickinger v. Harold C. Brown & Co.*, 947 F.2d 595, 599 (2d Cir. 1991)).  Here, a special trust, confidence, duty, and reliance is imputed onto the fiduciary for the benefit of the other party.  The fiduciary takes an oath and otherwise pledges to put the other party's interest before their own.  Employers do not owe such a duty to employees, nor could such duty exist within an employer/employee relationship.

These two universes, one of employer/employee and one of fiduciary duties do not and cannot intersect concurrently to describe the core nature of two parties' relationship.  A business simply cannot simultaneously "employ" an individual while putting the individual's interests ahead of the employer's own interests.  It is an impossibility and defies logic. For that reason, the Wage Claims and Fiduciary Duty Claims are factually incompatible under the Federal Rules of Civil Procedure ("FRCP") and should be dismissed.

It is true that FRCP 8(d)(2), which was formerly codified at FRCP 8(e)(2), permits pleading inconsistent theories in the alternative.  *See Astroworks, Inc. v. Astroexhibit*, Inc., 257 F. Supp. 2d 609, 616 (S.D.N.Y. 2003). A plaintiff may not, however, be able to recover on both theories if the allegations conflict.  *Walker v. Carter*, No. 1:12-CV-05384 (ALC), 2014 U.S. Dist. LEXIS 123247, 2014 WL 4363956, at *2 (S.D.N.Y. Sept. 3, 2014) (citation omitted).

In particular, under FRCP 8(d)(2), "A party may set out 2 or more statements of a claim . . . alternatively or hypothetically, either in a single count or . . . in separate ones."  FRCP 8(d)(2).  FRCP 8(d) "allows a plaintiff to plead inconsistently, and the inconsistency may lie with the statement of the facts or the legal theories adopted." *In re McCann, Inc.*, 318 B.R. 276, 288 (Bankr. S.D.N.Y. 2004) (*quoting Henry v. Daytop Village, Inc.*, 42 F.3d 89, 94 (2d Cir.1994) and *citing* 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE: CIVIL § 1283 (3d ed. 2004)).

Nonetheless, a party may not plead inconsistent facts within the same claim.  FRCP 8(d) does not give plaintiffs "license to plead inconsistent *assertions of facts* within the allegations that serve as the factual predicates for an independent, unitary claim." *In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371, 407 (S.D.N.Y. 2001) (emphasis in original).  "Internally conflicting factual assertions that constitute integral components of a claim must be distinguished from a permissible alternative statement embodying a theory of a whole sufficient claim." *Id.* Indeed, a court need not feel constrained to accept as truth conflicting pleadings that make no sense, or that would render a claim incoherent, or that are contradicted either by statements in the complaint itself or by documents upon which its pleadings rely. *See Barberan v. Nationpoint*, 706 F. Supp. 2d 408, 413 (S.D.N.Y. 2010).

The factual predicate for the Wage Claims is that an employer/employee relationship exist.  The factual predicate for the Fiduciary Duty Claims is that an employer/employee relationship <u>does not</u> exist. These two types of claims are so inherently different that the Wage Claims are simply not plausible.  This internal factual contradiction is fatal to the Wage Claims because "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

28854962.v1

January 22, 2021
Page 3

(2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Stated differently, the Amended Complaint seeks to chart a course that is not recognized or permitted in federal court.

## II. There is no Employer-Employee Relationship Between Plaintiff and Defendants

Plaintiff was an independent contractor, not an employee of Defendants. This alone is fatal to the Wage Claims in the Amended Complaint, which are all made under the FLSA and NYLL. *See Saleem v. Corp. Transp. Grp.*, 52 F. Supp. 3d 526, 535-45 (S.D.N.Y. 2014) (holding that plaintiffs were independent contractors under the FLSA and NYLL, which cover only "employees," as that term is defined in those statutes); *Kloppel v. Sears Holdings Corp.*, No. 17-CV-6296 (FPG), 2018 U.S. Dist. LEXIS 33606, 2018 WL 1089682, at *2 (W.D.N.Y. 2018) ("If the employer can demonstrate that a worker . . . [was] an independent contractor instead of [] an employee, . . . the worker is not entitled to a wage statement under N.Y. Lab. Law § 195.")

The agreement entered into on or about May 29, 2012 (the "Agreement") between Plaintiff and Major unequivocally and expressly states numerous times that Plaintiff is an independent contractor. By way of example, the Agreement states the following:

> I acknowledge and agree…that I am not, and **will not be, your employee** for any purpose.
>
> You are not an employee of Major Model Management, you are an **Independent Contractor**. An **independent contractor** is a natural person, business or corporation which provides goods or services to another entity under terms specified in a contract or within a verbal agreement. Unlike an employee, an **independent contractor** does not work regularly for an employer…
>
> You are **not an "employee"** of Major Model Management. You are what is known as an **independent contractor**, essentially your own independent business and therefore are responsible for any/all federal, state and city taxes relating to your income.

*See* Complaint, Exhibit A at pp. 9, 14, 17. (emphasis added).

Based on the foregoing, the Wage Claims and Fiduciary Duty Claims cannot both exist inside the Amended Complaint. Since no employer/employee relationship exists, the Wage Claims should be dismissed.

Very truly yours,

/s/ Scott R. Green

28854962.v1