UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JASMINE BURGESS, on behalf of all other similarly situated,

        Plaintiff,

v.

MAJOR MODEL MANAGEMENT, INC. and GUIDO DOLCI

        Defendants.

**CIVIL ACTION NO.:**
1:20-CV-02816-GHW

---

# DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT

GOLDBERG SEGALLA LLP
200 Garden City Plaza, Suite 520
Garden City, New York 11530
Phone: (516) 281-9859
Fax: (516) 281-9801
*Attorneys for Defendants*
*Major Model Management, Inc. and*
*Guido Dolci*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS .................................................................................................... 2

ARGUMENT ........................................................................................................................ 2

    I.    STANDARD UNDER RULE 12(b)(6) ............................................................... 2

    II.   THE AMENDED COMPLAINT VIOLATES FRCP (8)(d) ............................. 3

        A.   A Plaintiff May Not Plead Factual Allegations That Undermine Other Claims ........................................................................................................... 3

        B.   Plaintiff Pleads Allegations Inconsistent With An Employee-Employer Relationship .............................................................................. 7

CONCLUSION ................................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)......................................................................................................2, 11

*Astroworks, Inc. v. Astroexhibit, Inc.*,
   257 F. Supp. 2d 609 (S.D.N.Y. 2003).....................................................................................4

*Barberan v. Nationpoint*,
   706 F. Supp. 2d 408 (S.D.N.Y. 2010).....................................................................................5

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)................................................................................................................2

*Decraene v. Neuhaus (U.S.A.), Inc.*,
   2005 US Dist LEXIS 10836 (S.D.N.Y. 2005).........................................................................7

*Franze v. Bimbo Foods Bakeries Distrib.*,
   LLC, 2019 US Dist LEXIS 110711 (S.D.N.Y 2019) .............................................................10

*King County v. IKB Deutsche Industriebank AG*,
   863 F. Supp. 2d 288 (S.D.N.Y. 2012).....................................................................................8

*Kinsey v. Cendant Corp.*,
   2004 U.S. Dist. LEXIS 23059, 2004 WL 2591946 (S.D.N.Y. 2004).......................................6

*Kinsey v. Cendant Corp.*,
   2004 US Dist LEXIS 23059 (S.D.N.Y. 2004).........................................................................3

*Lind v. Vanguard Offset Printers, Inc.*,
   857 F. Supp. 1060 (S.D.N.Y. 1994)........................................................................................3

*In re Livent, Inc. Noteholders Sec. Litig.*,
   151 F. Supp. 2d 371 (S.D.N.Y. 2001)..................................................................................4, 5

*Madera v. Metro. Life Ins. Co.*,
   2002 U.S. Dist. LEXIS 12000, No. 99 Civ. 4005 (MBM), 2002 WL 1453827
   (S.D.N.Y. 2002) ......................................................................................................................3

*In re McCann, Inc.*,
   318 B.R. 276 (Bankr. S.D.N.Y. 2004) ....................................................................................4

*Meadowlands Invs., LLC v. CIBC World Markets Corp.*,
   2005 U.S. Dist. LEXIS 21102, 2005 WL 2347856 (S.D.N.Y. 2005).......................................6

*In re Musicland Holding Corp.*,
   398 B.R. 761 (Bankr. S.D.N.Y. 2008) ...................................................................................6

*Pension Benefit Guar. Corp. v. Morgan Stanley Inv. Mgmt. Inc.*,
   712 F.3d 705 (2d Cir. 2013) ..................................................................................................3

*Schoolcraft v. City of NY*,
   103 F. Supp 3d 465 (S.D.N.Y. 2015) ....................................................................................4

*Spinelli v. NFL*,
   96 F. Supp. 3d 81 (S.D.N.Y. 2015) .......................................................................................3

*United States v. Gotti*,
   771 F. Supp. 535 (E.D.N.Y. 1991) ........................................................................................5

*Walker v. Carter*,
   2014 U.S. Dist. LEXIS 123247, 2014 WL 4363956 (S.D.N.Y. 2014) ..................................4

*XL Specialty Ins. Co. v. Otto Naumann, LTD*,
   2015 US Dist LEXIS 45028 (S.D.N.Y. 2015) .......................................................................5

**Statutes**

Federal Rules of Civil Procedure 12(b)(6) ..................................................................................1, 2

FRCP (8)(d) ................................................................................................................................3, 4

FRCP 8(d)(2) ...................................................................................................................................4

FRCP 8(e)(2) ...................................................................................................................................4

**Other Authorities**

Restatement (Second) of Agency 1 (1996) .....................................................................................8

Defendants hereby move under Federal Rules of Civil Procedure 12(b)(6) to dismiss the first, second, third, fourth, fifth, sixth, and seventh causes of action in the Amended Class Action Complaint filed in this action on January 1, 2021 (the "Amended Complaint" or "Am. Compl.," ECF No. 32) of plaintiff Jasmine Burgess individually and on behalf of all others similarly situated ("Burgess" or "Plaintiff"), a copy of which is attached to the Declaration of Scott R. Green, dated February 25, 2021 ("Green Decl.") as Exhibit A.

## PRELIMINARY STATEMENT

Plaintiff wishes to have her cake and eat it too. The Amended Complaint is grounded in two distinct factual predicates that cannot be reconciled. The Amended Complaint charts a course in one universe with allegations of an employer/employee relationship between Defendants and Plaintiff, yet simultaneously also charts a course in a different universe of a principal/agent relationship between Plaintiff and Defendants.

Whether or not there is legitimacy to either distinct set of Plaintiff's allegations is irrelevant for the purposes of this motion. This is because Plaintiffs are not permitted to plead inconsistent assertions of fact in the same complaint. Allegations in a complaint are not amorphous. A factual allegation cannot validly exist in one part of the complaint while the complete opposite factual allegation exists elsewhere in the same complaint. It is akin to Plaintiff attempting to slide a sphere through a circular opening and then changing the sphere into whatever shape she wishes so that it may also fit through openings of various other shapes.

The existence of inconsistent factual predicates in the Amended Complaint warrant dismissal of the identified claims.

1

**STATEMENT OF FACTS**

Burgess was a model from 2012 to 2017. Am. Compl. ¶ 6. Major Model Management,, Inc. ("MMMI") is a modeling agency located in New York, New York. *Id*. ¶ 39. On or about May 29, 2012, Burgess signed a Personal Management Agreement (the "Agreement") with MMMI (*id.* ¶ 88), a copy of which is attached to the Am. Compl. as Exhibit A.

As further described below, Plaintiff conveniently, but impermissibly, pleads allegations that support the existence of a principle/agent relationship but then also pleads contradictory allegations that support an employer/employee relationship.

**ARGUMENT**

**I.     STANDARD UNDER RULE 12(b)(6)**

A complaint will survive dismissal only if its well-pled facts "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To satisfy this standard, the Amended Complaint must contain enough "factual content … to draw the reasonable inference that [D]efendant[s are] liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Allegations that raise only the "mere possibility of misconduct," or tender "naked assertion[s]" devoid of "further factual enhancement," fall short. *Id*. at 678-79 (citations omitted). A complaint that pleads facts "'merely consistent with' a defendant's liability, [] 'stops short of the line between possibility and plausibility of 'entitlement of relief.'" *Id*.

Determining whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Although courts give deference to complaint allegations on a motion to dismiss pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6), the Court need not accept legal

conclusions, labels or strained inferences. *See Pension Benefit Guar. Corp. v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717 (2d Cir. 2013). Also, the Court need not accept allegations as true when they are clearly controverted by controlling agreements. *Spinelli v. NFL*, 96 F. Supp. 3d 81, 131 (S.D.N.Y. 2015) (granting motion to dismiss because plaintiffs' conclusions were contradicted by the actual terms of the agreement at issue).

## II. THE AMENDED COMPLAINT VIOLATES FRCP (8)(d)

### A. A Plaintiff May Not Plead Factual Allegations That Undermine Other Claims

The first seven causes of action in the Amended Complaint are made under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") (the "Wage Claims") and are directly at odds with the eighth and ninth causes of action for breach of fiduciary duty (the "Fiduciary Duty Claims"). The Wage Claims are predicated upon an employer/employee relationship while the Fiduciary Duty Claims are predicated upon a fiduciary relationship that, in this context, is fundamentally incompatible with the dynamics of the employer/employee relationship. *See Kinsey v. Cendant Corp.*, 2004 US Dist LEXIS 23059, at *40 (S.D.N.Y. 2004).

For that reason, courts do not allow fiduciary and employment claims to exist in the same action. *See e.g. Lind v. Vanguard Offset Printers, Inc.*, 857 F. Supp. 1060, 1067 (S.D.N.Y. 1994) (dismissing a breach of fiduciary duty claim where the purported fiduciary relationship was based on the plaintiff's status as an employee, since "under New York law, an employer-employee relationship is not fiduciary in nature"); *Madera v. Metro. Life Ins. Co.*, 2002 U.S. Dist. LEXIS 12000, No. 99 Civ. 4005 (MBM), 2002 WL 1453827, at *8 (S.D.N.Y. 2002) (dismissing a claim that depended on the existence of a fiduciary relationship between an employer and an employee because under New York law "the employer-employee relationship is not fiduciary in nature, and

3

plaintiff alleges no further facts from which to infer that such a relationship existed") (citation omitted).

It is true that FRCP 8(d)(2), which was formerly codified at FRCP 8(e)(2), permits pleading inconsistent theories in the alternative. *See Astroworks, Inc. v. Astroexhibit, Inc.*, 257 F. Supp. 2d 609, 616 (S.D.N.Y. 2003). A plaintiff may not, however, be able to recover on both theories if the allegations conflict. *Walker v. Carter*, 2014 U.S. Dist. LEXIS 123247, 2014 WL 4363956, at *2 (S.D.N.Y. 2014) (citation omitted).

In particular, under FRCP 8(d)(2), "A party may set out 2 or more statements of a claim . . . alternatively or hypothetically, either in a single count or . . . in separate ones." FRCP 8(d)(2). FRCP 8(d) "allows a plaintiff to plead inconsistently, and the inconsistency may lie with the statement of the facts or the legal theories adopted." *In re McCann, Inc.*, 318 B.R. 276, 288 (Bankr. S.D.N.Y. 2004) (*quoting Henry v. Daytop Village, Inc.*, 42 F.3d 89, 94 (2d Cir.1994) and *citing* 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE: CIVIL § 1283 (3d ed. 2004)).

Nonetheless, a party may not plead inconsistent facts within the same claim. FRCP 8(d) does not give plaintiffs "license to plead inconsistent assertions of facts within the allegations that serve as the factual predicates for an independent, unitary claim." *In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371, 407 (S.D.N.Y. 2001) (emphasis in original); *see also Schoolcraft v. City of NY*, 103 F. Supp 3d 465, 525 (S.D.N.Y. 2015) ("Although Rule 8(d)(3) [of the Federal Rules of Civil Procedure] allows parties to plead alternative legal theories, it does not permit inconsistent assertions of facts within the allegations."); *United States v. Gotti*, 771 F. Supp. 535, 540 (E.D.N.Y. 1991) ("There is a significant difference between pleading alternative theories of

4

law based upon given facts and pleading alternative statements of fact to support a given principle of law.").

Accordingly, "[i]nternally conflicting factual assertions that constitute integral components of a claim must be distinguished from a permissible alternative statement embodying a theory of a whole sufficient claim." *In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371, 407 (S.D.N.Y. 2001). Indeed, a court need not feel constrained to accept as truth conflicting pleadings that make no sense, or that would render a claim incoherent, or that are contradicted either by statements in the complaint itself or by documents upon which its pleadings rely. *See Barberan v. Nationpoint*, 706 F. Supp. 2d 408, 413 (S.D.N.Y. 2010).

*XL Specialty Ins. Co. v. Otto Naumann, LTD*, 2015 US Dist LEXIS 45028, at *3 (S.D.N.Y. 2015) relates to claims surrounding a missing painting and further illustrates the point:

> Naumann has made conflicting assertions of fact with respect to how Lowy came to possess the painting. In its answer, Naumann denies that it gave Lowy the painting for restoration. Yet, in its third-party complaint against Lowy (part of the same document as the answer), Naumann states -- presumably in order to create a duty in Lowy -- that it hired Lowy to fix the painting. Naumann then clarifies in its brief that Lowy's obtainment of the painting is disputed and that Naumann is merely making a conditional allegation.

*See id.* The Court correctly ruled that Naumann plead inconsistent assertions of fact, not permissible alternative legal theories.

Indeed, courts regularly dismiss claims when a plaintiff pleads factual allegations that undermine another claim. *See Meadowlands Invs., LLC v. CIBC World Markets Corp.*, 2005 U.S. Dist. LEXIS 21102, 2005 WL 2347856, at *4-5 (S.D.N.Y. 2005) (granting motion to dismiss when plaintiff's factual pleadings undermined any claim that the defendant's conduct breached the contract); *see also Kinsey v. Cendant Corp.*, 2004 U.S. Dist. LEXIS 23059, 2004 WL 2591946, at *8 (S.D.N.Y. 2004) (dismissing plaintiff's securities fraud claim and rejecting allegation that

5

plaintiff's stock options were not automatically converted under stock option plan as inconsistent with plaintiff's allegation that his stock options were automatically converted under the plan*); In re Musicland Holding Corp.*, 398 B.R. 761, 782 (Bankr. S.D.N.Y. 2008) (dismissing claim for rescission based on mistake when "[t]he claim of mistake [was] directly contradicted by other allegations in the" complaint, such as allegations showing that plaintiff understood the nature of the transaction).

For the sake of clarity, the court should not mistake Defendants argument to mean that it is an impossibility for there to be multiple accurate definitions of relationship**s** between the same parties. By way of example, consider an individual that performs paralegal services to a law firm forty hours per week, and to which the services fully align with those of an employer/employee relationship. Additionally, further assume the employee operates a side sole proprietor landscaping business on the weekends, and that the law firm retains the business to provide landscaping services for a singular weekend. Undoubtedl,y the relationship involving paralegal services does not convert the lawnmower services into an employment relationship. Similarly, if that same individual hires the law firm to represent him in a personal injury lawsuit, the duties owed to the individual by the law firm would be one of attorney-client, notwithstanding the relationship relating to the paralegal services. In key point in both scenarios, is that multiple distinct services are being provided that are fundamentally different, which allow for different definitional structures of the relationship.

However, while two distinct relationships may exist where separate services are rendered (as described in the academic hypothetical above), multiple relationships <u>cannot</u> exist in relation to the same singular service. Plaintiff merely alleges that the sole relationship connecting Plaintiff

and MMMI is one of modeling services. Am. Compl. ¶ 6. For that reason, those services can only validly fit into one category, and cannot be described as both "employment" and "fiduciary."

In summary, these two universes, one of employer/employee and one of principal/agent do not and cannot intersect concurrently to describe the core nature of two parties' singular relationship. A business simply cannot simultaneously "employ" an individual while putting the individual's interests ahead of the employer's own interests. It is an impossibility and defies logic. For that reason, the Wage Claims and Fiduciary Duty Claims are factually incompatible under the FRCP and should be dismissed.

### B. Plaintiff Pleads Allegations Inconsistent With An Employee-Employer Relationship

On one hand, at a fundamental level, an employment relationship exists where a business and individual reach mutual agreement as to wages and benefits, and thereafter the employer exercises day to day control regarding the details of the work to be performed and reserves the right to discharge the employee with or without cause. Moreover, the default rule in employer/employee relationships is one of employment-at-will, in which employment is for an indefinite or unspecified term, is at will, and may be freely terminated by either party at any time without cause or notice. *See Decraene v. Neuhaus (U.S.A.), Inc.*, 2005 US Dist LEXIS 10836, at *19 (S.D.N.Y. 2005). There is no absolute duty whereby the employer must act exclusively in an employee's interest. In employer/employee relationships, employers manage, direct, penalize, and even terminate the employment of employees. The employee is subordinate to the employer, provides services for the benefit of the employer, owes a duty of loyalty to the employer, and any mandates imposed on the employer are minimal.

On the other hand, "[a]gency is the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control,

7

and consent by the other so to act." Restatement (Second) of Agency 1 (1996). Stated differently, under New York law, "[a] fiduciary relationship exists when one party 'is under a duty to act for… another upon matters within the scope of the relation.'" *King County v. IKB Deutsche Industriebank AG*, 863 F. Supp. 2d 288, 299 (S.D.N.Y. 2012) (*quoting Flickinger v. Harold C. Brown & Co.*, 947 F.2d 595, 599 (2d Cir. 1991)). Here, a special trust, confidence, duty, and reliance is imputed onto the fiduciary for the benefit of the other party. The fiduciary takes an oath and otherwise pledges to put the other party's interest before their own. Employers do not owe such a duty to employees, nor could such duty exist within an employer/employee relationship.

The factual predicate for the Wage Claims is that an employer/employee relationship exist. The factual predicate for the Fiduciary Duty Claims is that an employer/employee relationship does not exist. The inconsistencies of the factual allegations is evident from a plain reading of the Amended Complaint. In one breath, Plaintiff alleges MMMI had "the power to hire, fire, and/or constructively discharge Plaintiff" (49), that MMMI "hired Plaintiff," that MMMI set Plaintiff's wages, had the power to withhold and/or delay payment to Plaintiff, controlled Plaintiff's schedule, determined whether or not to offer Plaintiff work and/or promote Plaintiff to clients, required Plaintiff to be available at a certain time, required Plaintiff's compliance with certain MMMI policy, practices, and customs. Am. Compl. ¶¶ 49, 50, 51, 53, 54, 55, 145, 146. Plaintiff further relies on the language of the Agreement and alleges Plaintiff needed to be available, ready and will to provide services, inform MMMI when Plaintiff was unavailable, appear at professional engagements in a timely manner, etc. Am. Compl. ¶ 89.

In the next breath, Plaintiff claims a fiduciary relationship existed between MMMI and Plaintiff, that MMMI was obligated to act to the benefit of Plaintiff, and that MMMI was obligated to act as an advisor to plaintiff. Am. Compl. ¶¶ 293, 297, 311. By way of example only, reading

8

the allegations in the Amended Complaint together, Burgess claims that "[MMMI] had the power to withhold and/or delay payment of Plaintiff's…wages" but also claims "there was no reasonable business justification for [MMMI's] substantial delays in paying wages and non-payment of wages to Plaintiff. Am. Compl. ¶¶ 53, 171. Which is it?

Plaintiff also relies on language of the Agreement. A careful reading of the Agreement reveals the true nature of parties' relationship. By way of example, the Agreement states:

> "I hereby engage [MMMI] as my sole and exclusive personal manager in New York…in connection with the development of my career in modeling, advertising, licensing, entertainment, musical, theatrical, dramatic, artist, fashion, film, video, television and other visual industries"
>
> "as reasonably requested by me"
>
> "In order for [MMMI} to more effectively perform [its] services"
>
> "In consideration of [MMMI] entering into this Agreement and as compensation"

Am. Compl., Ex A at pp. 4, 5, 6. The terms of the Agreement, which Plaintiff pleads, reflect that Plaintiff actually hired MMMI to provide services to Plaintiff, not the other way around. Stated further, Plaintiff paid MMMI to represent Plaintiff as its modeling agent. These pleadings directly contradict Plaintiff's other allegations that MMMI hired Plaintiff to provide services to MMMI. Plaintiff cannot have it both ways. If Plaintiff hired MMMI to provide service to her, Plaintiff cannot be MMMI's employee.

The stark differences between Plaintiff's factual predicates of employer versus fiduciary is illustrated through examples of other types of relationships. For example, Courts in the Second Circuit analyze whether or not a relationship is one of an employee or an independent contractor through a prism of various factors. S*ee Franze v. Bimbo Foods Bakeries Distrib.*, LLC, 2019 US Dist LEXIS 110711, at *16 (S.D.N.Y 2019). Each fact relating to the relationship either weighs for or against an "employee" or "independent contractor." It is akin to a spectrum, with

"independent contractor" on one end and "employee" on the other end. By definition, a fact that goes against a relationship being defined as an "independent contractor," supports the definition of an "employee." Thus, an individual that exercises a certain amount of control of their services to a business weighs in favor an "independent contractor" relationship, and against an "employee" relationship. Ultimately, a court determines the nature of the relationship through a balancing test to see which side of the spectrum the factors weigh greatest towards.

This is not the case for a "principal/agent" versus an "employer/employee." Those two concepts of relationships are unequivocally a part of different analytical paradigms that live on wholly separate and distinct spectrums from each other. To be sure, the existence of a factor that weighs towards an employment relationship does not exist in the universe of an agency relationship. There is no balancing test that weighs between these relationships as they are not creatures of the same framework.

In summary, Plaintiffs two types of claims are so inherently different that the Wage Claims are simply not plausible. This internal factual contradiction is fatal to the Wage Claims because "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Stated differently, the Amended Complaint seeks to chart a course that is not recognized or permitted in federal court.

## CONCLUSION

Based on the foregoing, MMMI respectfully requests the Amended Complaint be dismissed with prejudice.

Dated: Garden City, New York  GOLDBERG SEGALLA LLP
February 25, 2022

By: \s\ Scott R. Green
Scott R. Green
Matthew S. Trokenheim
Christopher P. Maugans
200 Garden City Plaza, Suite 520
Garden City, New York 11530
Phone: (516) 281-9859
Fax: (516) 281-9801
*Attorneys for Defendants*
*Major Model Management, Inc. and*
*Guido Dolci*