UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────────────────

JASMINE BURGESS, on behalf of all other
similarly situated,

                       Plaintiff,

v.

MAJOR MODEL MANAGEMENT, INC. and
GUIDO DOLCI

                    Defendants.
─────────────────────────────────────────────

**CIVIL ACTION NO.:**
1:20-CV-02816-GHW


**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO DISMISS THE SECOND AMENDED CLASS
ACTION COMPLAINT**


GOLDBERG SEGALLA LLP
200 Garden City Plaza, Suite 520
Garden City, New York 11530
Phone:  (516) 281-9859
Fax:  (516) 281-9801
*Attorneys for Defendants*
*Major Model Management, Inc. and*
*Guido Dolci*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................... 1

STATEMENT OF FACTS ............................................................................ 3

ARGUMENT ................................................................................................ 3

I.   STANDARD UNDER RULE 12(b)(6) ............................................... 3

II.  PLAINTIFF'S ARTICLE 11 CLAIM SHOULD BE DISMISSED WITH
     PREJUDICE BECAUSE THERE IS NO PRIVATE RIGHT OF ACTION
     FOR ARTICLE 11 CLAIMS ............................................................... 4

III. THE SECOND AMENDED COMPLAINT VIOLATES FRCP (8)(d) ............ 6

     A.  A Plaintiff May Not Plead Factual Allegations That Undermine Other
         Claims ....................................................................................... 6

     B.  Plaintiff Pleads Allegations Inconsistent With An Employee-
         Employer Relationship ............................................................. 10

IV.  PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR FLSA OR
     NYLL RETALIATION ...................................................................... 14

CONCLUSION........................................................................................... 21

29690901.v1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aponte v. Modern Furniture Mfg. Co., LLC*,
   2016 U.S. Dist. LEXIS 131408, 2016 WL 5372799 (E.D.N.Y. Sept. 26, 2016) ...................15

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ...........................................................................................................3, 13

*Astroworks, Inc. v. Astroexhibit, Inc.*,
   257 F. Supp. 2d 609 (S.D.N.Y. 2003) .......................................................................................7

*Barberan v. Nationpoint*,
   706 F. Supp. 2d 408 (S.D.N.Y. 2010) .......................................................................................8

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ..................................................................................................................3

*Burlington N. & Sante Fe Ry. Co. v. White*,
   548 U.S. 53 (2006) ............................................................................................................15, 16

*Burnett v. Trinity Inst. Homer Perkins Ctr., Inc.*,
   2011 U.S. Dist. LEXIS 6872, 2011 WL 281023 (N.D.N.Y. 2011) .........................................16

*Chestnut v. Wells Fargo, N.A.*,
   2012 U.S. Dist. LEXIS 27473 (E.D.N.Y. Feb. 22, 2012) .........................................................5

*Clark Cty. Sch. Dist. v. Breeden*,
   532 U.S. 268 (2001) ................................................................................................................19

*Columbia Artists Mgmt., LLC v. Swenson & Burnakus, Inc.*,
   2008 U.S. Dist. LEXIS 74377 (S.D.N.Y. Sept. 23, 2008) ........................................................4

*Davenport v. Sp Jedi Inc.*,
   2020 US Dist LEXIS 47655 (D. Ariz. Jan. 16, 2020) .............................................................17

*Decraene v. Neuhaus (U.S.A.), Inc.*,
   2005 US Dist LEXIS 10836 (S.D.N.Y. 2005) .........................................................................10

*Duit Constr. Co. v. Bennett*,
   2014 U.S. Dist. LEXIS 86362 (E.D. Ark. June 25, 2014) .........................................................5

*Franze v. Bimbo Foods Bakeries Distrib.*,
   LLC, 2019 US Dist LEXIS 110711 (S.D.N.Y 2019) ...............................................................13

ii

*Gaalla v. Citizens Med. Ctr.*,
  2010 U.S. Dist. LEXIS 65147 (S.D. Tex. June 30, 2010) ........................................................5

*Garrett v. Garden City Hotel, Inc.*,
  2007 U.S. Dist. LEXIS 31106, 2007 WL 1174891 (E.D.N.Y. Apr. 19, 2007) .....................20

*Giarrizzo v. Holder*,
  2011 US Dist LEXIS 120739 (N.D.N.Y. Oct. 19, 2011) .......................................................17

*Glen v. Club Mediterranee S.A.*,
  365 F.Supp. 2d 1263 (S.D. Fla. 2005), *aff'd*, 450 F.3d 1251 (11th Cir. 2006) .......................6

*Jeanty v. Newburgh Beacon Bus Corp.*,
  2018 US Dist LEXIS 197248 (S.D.N.Y. Nov. 19, 2018) ......................................................20

*Jian Zhong Li v. Oliver Kings Enters., Inc.*,
  2015 U.S. Dist. LEXIS 102597, 2015 WL 4643145 (S.D.N.Y. Aug. 4, 2015) ......................15

*Jones v. Hobbs*,
  745 F. Supp. 2d 886 (E.D. Ark. 2010) .....................................................................................5

*Khurana v. Wahed Invest, LLC*,
  2020 US Dist LEXIS 4762 (S.D.N.Y. Jan. 8, 2020) ..............................................................15

*King County v. IKB Deutsche Industriebank AG*,
  863 F. Supp. 2d 288 (S.D.N.Y. 2012) ....................................................................................11

*Kinsey v. Cendant Corp.*,
  2004 U.S. Dist. LEXIS 23059, 2004 WL 2591946 (S.D.N.Y. 2004) .....................................9

*Kinsey v. Cendant Corp.*,
  2004 US Dist LEXIS 23059 (S.D.N.Y. 2004) ........................................................................6

*Lind v. Vanguard Offset Printers, Inc.*,
  857 F. Supp. 1060 (S.D.N.Y. 1994) .........................................................................................6

*In re Livent, Inc. Noteholders Sec. Litig.*,
  151 F. Supp. 2d 371 (S.D.N.Y. 2001) .................................................................................7, 8

*Lopez v. Advantage Plumbing & Mech. Corp.*,
  2016 U.S. Dist. LEXIS 43608, 2016 WL 1268274 (S.D.N.Y. Mar. 31, 2016) .....................14

*Madera v. Metro. Life Ins. Co.*,
  2002 U.S. Dist. LEXIS 12000, No. 99 Civ. 4005 (MBM), 2002 WL 1453827
  (S.D.N.Y. 2002) ......................................................................................................................7

*In re McCann, Inc.*,
  318 B.R. 276 (Bankr. S.D.N.Y. 2004) ......................................................................................7

iii

*McManamon v. Shinseki*,
   2013 U.S. Dist. LEXIS 96087, 2013 WL 3466863 (S.D.N.Y. July 10, 2013) ........................19

*McNair v. N.Y.C. Health & Hosp. Co.*,
   160 F. Supp. 2d 601 (S.D.N.Y. 2001) ...................................................................................19

*Meadowlands Invs., LLC v. CIBC World Markets Corp.*,
   2005 U.S. Dist. LEXIS 21102, 2005 WL 2347856 (S.D.N.Y. 2005) .......................................8

*Mullins v. City of New York*,
   626 F.3d 47 (2d Cir. 2010) ...................................................................................................14

*In re Musicland Holding Corp.*,
   398 B.R. 761 (Bankr. S.D.N.Y. 2008) .....................................................................................9

*Mylan Pharms, Inc. v. Thompson*,
   268 F.3d 1323 (Fed. Cir. 2001) ...............................................................................................6

*Olorode v. Streamingedge, Inc.*,
   2014 U.S. Dist. LEXIS 59421, 2014 WL 1689039 (S.D.N.Y. Apr. 29, 2014) .......................20

*Patel v. Lutheran Med. Ctr., Inc.*,
   753 F. Supp. 1070 (E.D.N.Y. 1990) ......................................................................................16

*Pension Benefit Guar. Corp. v. Morgan Stanley Inv. Mgmt. Inc.*,
   712 F.3d 705 (2d Cir. 2013) .....................................................................................................4

*Ponticelli v. Zurich Am. Ins. Group*,
   16 F. Supp. 2d 414 (S.D.N.Y. 1998) ................................................................................19, 20

*Porter v. MooreGroup Corp.*,
   2020 U.S. Dist. LEXIS 398, 2020 WL 32434 (E.D.N.Y. Jan. 2, 2020) .................................15

*Rhodes v. Herz*,
   27 Misc. 3d 722 (Sup. Ct. N.Y. Cty 2010), *aff'd*, 84 A.D.3d 1 (1st Dep't 2011).....................4

*Risco v. McHugh*,
   868 F. Supp. 2d 75 (S.D.N.Y. 2012)......................................................................................19

*Schoolcraft v. City of NY*,
   103 F. Supp 3d 465 (S.D.N.Y. 2015)........................................................................................7

*Shelton v. Elite Model Mgt., Inc.*
   (11 Misc 3d 345 [2005]) ...........................................................................................................4

*Sigall v. Zipcar, Inc.*,
   2014 U.S. Dist. LEXIS 22976 (S.D.N.Y. Feb. 24, 2014), *aff'd*, 582 F. App'x
   18 (2d Cir. 2014)......................................................................................................................5

iv

*Spinelli v. NFL*,
96 F. Supp. 3d 81 (S.D.N.Y. 2015) ..................................................................4

*Torres v. Gristede's Operating Corp.*,
628 F. Supp. 2d 447 (S.D.N.Y. 2008)..........................................................18, 19

*United States v. Gotti*,
771 F. Supp. 535 (E.D.N.Y. 1991) ..................................................................8

*Walker v. Carter*,
2014 U.S. Dist. LEXIS 123247, 2014 WL 4363956 (S.D.N.Y. 2014)....................................7

*Wang v. Palmisano*,
157 F. Supp. 3d 306 (S.D.N.Y. 2016)..................................................................20

*Webb v. Robert Lewis Rosen Assocs.*,
2003 U.S. Dist. LEXIS 23160 (S.D.N.Y Dec. 23, 2003), *aff'd*, 128 F. App'x
793 (2005)..................................................................4

*XL Specialty Ins. Co. v. Otto Naumann, LTD*,
2015 US Dist LEXIS 45028 (S.D.N.Y. 2015) ..................................................................8

**Statutes**

29 U.S.C. § 215(a)(3)..................................................................14

FRCP (8)(d) ..................................................................6, 7

FRCP 8(d)(2) ..................................................................7

FRCP 8(e)(2)..................................................................7

FRCP 12(b)(6) ..................................................................1, 3

General Business Law Article 11 ..................................................................1, 4, 5, 6

General Business Law § 189 (2)..................................................................4

**Other Authorities**

Restatement (Second) of Agency 1 (1996)..................................................................11

Defendants hereby move under Federal Rules of Civil Procedure ("FRCP") 12(b)(6) to dismiss the first, second, third, fourth, fifth, sixth, seventh, tenth, eleventh, and twelfth causes of action in the Second Amended Class Action Complaint filed in this action on March 26, 2021 (the "Second Amended Complaint" or "Sec. Am. Compl.," ECF No. 49) of plaintiff Jasmine Burgess individually and on behalf of all others similarly situated ("Burgess" or "Plaintiff"), a copy of which is attached to the Declaration of Scott R. Green, dated April 16, 2021 ("Green Decl.") as Exhibit A.

## PRELIMINARY STATEMENT

In this action, Plaintiff takes on the agency she hired to manage her modeling career. In doing so, she attempts to reimagine her agency relationship as an employment relationship. It is an assault on not only Major Model Management, Inc. ("MMMI"), but on the business model of an entire industry. The clumsiness of her effort quickly becomes apparent: her various allegations and competing legal theories are utterly irreconcilable. In her effort to stave off dismissal of her patchwork of irreconcilable claims, Plaintiff amends with length but, no substance, to what is now a whopping seventy-three page complaint. Her efforts cure none of the deficiencies and she inexplicably manages to add previously rejected moribund new causes of action.

Plaintiff's twelfth cause of action, which is alleged pursuant to Article 11 of the General Business Law ("GBL") is vexatious litigation. There is no private cause of action under Article 11 of the GBL, and Plaintiff's counsel knows it. Plaintiff's counsel asserted this same cause of action in a previous matter and the court categorically rejected it. It is frivolous and should be dismissed.

As previously observed in the prior iteration of the complaint, Plaintiff wishes to have her cake and eat it too. The Second Amended Complaint is grounded in two distinct factual predicates that cannot be reconciled. The Second Amended Complaint charts a course in one universe with

1

allegations of an employer/employee relationship between Defendants and Plaintiff, yet simultaneously also charts a course in a different universe of a principal/agent relationship between Plaintiff and Defendants.

Whether or not there is legitimacy to either distinct set of Plaintiff's allegations is irrelevant for the purposes of this motion. This is because Plaintiffs are not permitted to plead inconsistent assertions of fact in the same complaint. Allegations in a complaint are not amorphous. A factual allegation cannot validly exist in one part of the complaint while the complete opposite factual allegation exists elsewhere in the same complaint. It is akin to Plaintiff attempting to slide a sphere through a circular opening and then changing the sphere into whatever shape she wishes so that it may also fit through openings of various other shapes. The existence of inconsistent factual predicates in the Second Amended Complaint warrant dismissal of the first, second, third, fourth, fifth, sixth, seventh, tenth, and eleventh causes of action.

The tenth and eleventh causes of action allege retaliation against Plaintiff, and should also be dismissed for the additional independent reasons that Plaintiff has not suffered an adverse employment action nor is there any possible causal connection between any adverse employment action and Plaintiff's purported concerted activity. Plaintiff remarkably appears to claim that Defendant cannot pursue litigation against Plaintiff's current agent, Muse Model Management, Inc. ("Muse") due to the existence of this action, even though Muse engaged in deliberate concerted actionable conduct causing MMMI significant harm. Plaintiff cannot use the existence of this action to shield Muse from liability resulting from Muse's own misconduct. Similarly, Plaintiff cannot twist MMMI legitimate pursuit of its legal rights against Muse in a separate action that does not even name Plaintiff as a defendant or even speak ill of her, in order to manufacture a

retaliation claim in this action. Plaintiff's position is preposterous and the quintessential example of circular logic.

## STATEMENT OF FACTS

Burgess was a model from 2012 to 2017. Sec. Am. Compl. ¶ 8. MMMI is a modeling agency located in New York, New York. *Id*. ¶ 80. On or about May 29, 2012, Burgess signed a Personal Management Agreement (the "Agreement") with MMMI (*id.* ¶ 142), a copy of which is attached to the Sec. Am. Compl. as Exhibit A.

As further described below, Plaintiff conveniently, but impermissibly, pleads allegations that support the existence of a principle/agent relationship but then also pleads contradictory allegations that support an employer/employee relationship.

## ARGUMENT

### I.   STANDARD UNDER RULE 12(b)(6)

A complaint will survive dismissal only if its well-pled facts "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To satisfy this standard, the Amended Complaint must contain enough "factual content … to draw the reasonable inference that [D]efendant[s are] liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Allegations that raise only the "mere possibility of misconduct," or tender "naked assertion[s]" devoid of "further factual enhancement," fall short. *Id*. at 678-79 (citations omitted). A complaint that pleads facts "'merely consistent with' a defendant's liability, [] 'stops short of the line between possibility and plausibility of 'entitlement of relief.'" *Id*.

Determining whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Although courts give deference to complaint allegations on a motion to dismiss

pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6), the Court need not accept legal conclusions, labels or strained inferences. *See Pension Benefit Guar. Corp. v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717 (2d Cir. 2013). Also, the Court need not accept allegations as true when they are clearly controverted by controlling agreements. *Spinelli v. NFL*, 96 F. Supp. 3d 81, 131 (S.D.N.Y. 2015) (granting motion to dismiss because plaintiffs' conclusions were contradicted by the actual terms of the agreement at issue).

## II.   PLAINTIFF'S ARTICLE 11 CLAIM SHOULD BE DISMISSED WITH PREJUDICE BECAUSE THERE IS NO PRIVATE RIGHT OF ACTION FOR ARTICLE 11 CLAIMS

Counsel knows Plaintiff's claim under Article 11 is meritless. He asserted this same cause of action in a previous matter and the court rejected it. *See Agerbrink v. Model Serv. LLC*, 2015 US Dist LEXIS 77821, at *6 (S.D.N.Y. June 16, 2015).

Plaintiff's claim under Article 11 of the GBL should be dismissed, with prejudice, in its entirety, because there is no private right of action under this section of the law. FRCP 12(b)(1) and (6); *Rhodes v. Herz*, 27 Misc. 3d 722, 736 (Sup. Ct. N.Y. Cty 2010), *aff'd*, 84 A.D.3d 1 (1st Dep't 2011) (dismissing plaintiff's complaint because "no general private right of action exists for violations of [article 11]."[1] *Columbia Artists Mgmt., LLC v. Swenson & Burnakus, Inc.*, 2008 U.S. Dist. LEXIS 74377 (S.D.N.Y. Sept. 23, 2008) (dismissing defendants' counterclaim under GBL Article 11 because there is no private right of action under Article 11); *Webb v. Robert Lewis Rosen*

---

[1] In affirming, the First Department explained: "Preliminarily, we affirm because we have previously determined that article 11 provides no private right of action. . . . Contrary to plaintiff's assertions, the holding of the motion court and the holding in *Shelton v. Elite Model Mgt., Inc.* (11 Misc 3d 345 [2005]), we again conclude that article 11 does not promulgate an express right of action. . . . [I]t is only the Commissioner who can institute an action upon the bond and against the licensed employment agency and not the individual sustaining injury or damages.  The fact that the Commissioner's power to initiate an action upon the bond is not compulsory under this section is not, as some might argue, an indication of an express limited private right of action.  Instead, the discretion afforded to the Commissioner under General Business Law § 178 is merely a recognition that the initiation of a claim or suit on an employee's behalf will not always be required because General Business Law § 189 (2) vests the Commissioner with broad investigatory powers such that a suit might be obviated."  84 A.D.3d at 6-8 (citations omitted).

4

*Assocs.*, 2003 U.S. Dist. LEXIS 23160 (S.D.N.Y Dec. 23, 2003) (GBL Article 11 does not provide for a private right of action; it can only be enforced by the New York government), *aff'd*, 128 F. App'x 793 (2005).

The fact that Plaintiff dresses up her GBL Article 11 claim as a claim upon which she is seeking a declaratory action does not rectify the deficiency in her pleading.  A plaintiff cannot seek a declaratory judgment when the underlying statute upon which the declaratory judgment is predicated does not provide for a private right of action. *Sigall v. Zipcar, Inc.*, 2014 U.S. Dist. LEXIS 22976, at *1, 10 (S.D.N.Y. Feb. 24, 2014) (the statutory section at issue "provides the Attorney General with 'broad enforcement powers,' and it would be unfair to infer a private cause of action 'where the Legislature has provided a potent official enforcement mechanism'. . . . Accordingly, Plaintiffs' claims for declaratory and injunctive relief based upon alleged violations of [this statute] must be dismissed."), *aff'd*, 582 F. App'x 18 (2d Cir. 2014); *Duit Constr. Co. v. Bennett*, 2014 U.S. Dist. LEXIS 86362, at *28 (E.D. Ark. June 25, 2014) ("because Duit seeks a declaration that Arkansas has violated and continues to violate a statute that does not provide a judicially remediable right, the Declaratory Judgment Act does not provide Duit a cause of action."); *Creech v. Reinke*, 2012 U.D. Dist. LEXIS 77915, at *67 (D. Id. June 4, 2012) ("Leavitt has not persuaded the Court that, in the absence of a private cause of action in the CSA and FDCA, he can bring a cause of action for declaratory relief based on these statutes."); *Chestnut v. Wells Fargo, N.A.*, 2012 U.S. Dist. LEXIS 27473, at *8-9 (E.D.N.Y. Feb. 22, 2012) (Declaratory Judgment Act does not confer subject matter jurisdiction on a complaint); *Jones v. Hobbs*, 745 F. Supp. 2d 886, 893 (E.D. Ark. 2010) ("Declaratory Judgment Act does not authorize actions to decide whether federal statutes have been or will be violated when no private right of action to enforce the statutes has been created by Congress."); *Gaalla v. Citizens Med. Ctr.*, 2010 U.S. Dist.

LEXIS 65147 (S.D. Tex. June 30, 2010) (declaratory judgment may not issue without a private right of action); *Glen v. Club Mediterranee S.A.*, 365 F.Supp. 2d 1263, 1271-72 (S.D. Fla. 2005) (dismissing plaintiffs' complaint seeking a declaratory judgment under Trading with Enemy Act because this statute did not provide a private right of action), *aff'd*, 450 F.3d 1251 (11th Cir. 2006); *Mylan Pharms, Inc. v. Thompson*, 268 F.3d 1323, 1332 (Fed. Cir. 2001) (court cannot issue a declaratory judgment if the statute upon which the declaratory judgment is predicated does not provide for a private right of action).

Plaintiff's inclusion of this claim is harassive and vexatious litigation.  Accordingly, Plaintiff's Article 11 claim (i.e. the twelfth cause of action), must be dismissed.

## III.    THE SECOND AMENDED COMPLAINT VIOLATES FRCP (8)(d)

### A.    A Plaintiff May Not Plead Factual Allegations That Undermine Other Claims

The first, second, third, fourth, fifth, sixth, seventh, tenth, and eleventh causes of action in the Second Amended Complaint are made under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") (the "Wage Claims") and are directly at odds with the eighth and ninth causes of action for breach of fiduciary duty (the "Fiduciary Duty Claims"). The Wage Claims are predicated upon an employer/employee relationship while the Fiduciary Duty Claims are predicated upon a fiduciary relationship that, in this context, is fundamentally incompatible with the dynamics of the employer/employee relationship. *See Kinsey v. Cendant Corp.*, 2004 US Dist LEXIS 23059, at *40 (S.D.N.Y. 2004).

For that reason, courts do not allow fiduciary and employment claims to exist in the same action. *See e.g. Lind v. Vanguard Offset Printers, Inc.*, 857 F. Supp. 1060, 1067 (S.D.N.Y. 1994) (dismissing a breach of fiduciary duty claim where the purported fiduciary relationship was based on the plaintiff's status as an employee, since "under New York law, an employer-employee

relationship is not fiduciary in nature"); *Madera v. Metro. Life Ins. Co.*, 2002 U.S. Dist. LEXIS 12000, No. 99 Civ. 4005 (MBM), 2002 WL 1453827, at *8 (S.D.N.Y. 2002) (dismissing a claim that depended on the existence of a fiduciary relationship between an employer and an employee because under New York law "the employer-employee relationship is not fiduciary in nature, and plaintiff alleges no further facts from which to infer that such a relationship existed") (citation omitted).

It is true that FRCP 8(d)(2), which was formerly codified at FRCP 8(e)(2), permits pleading inconsistent theories in the alternative. *See Astroworks, Inc. v. Astroexhibit, Inc.*, 257 F. Supp. 2d 609, 616 (S.D.N.Y. 2003). A plaintiff may not, however, be able to recover on both theories if the allegations conflict. *Walker v. Carter*, 2014 U.S. Dist. LEXIS 123247, 2014 WL 4363956, at *2 (S.D.N.Y. 2014) (citation omitted).

In particular, under FRCP 8(d)(2), "A party may set out 2 or more statements of a claim . . . alternatively or hypothetically, either in a single count or . . . in separate ones." FRCP 8(d)(2). FRCP 8(d) "allows a plaintiff to plead inconsistently, and the inconsistency may lie with the statement of the facts or the legal theories adopted." *In re McCann, Inc.*, 318 B.R. 276, 288 (Bankr. S.D.N.Y. 2004), *quoting Henry v. Daytop Village, Inc.*, 42 F.3d 89, 94 (2d Cir.1994) and *citing* 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE: CIVIL § 1283 (3d ed. 2004)).

Nonetheless, a party may not plead inconsistent facts within the same claim. FRCP 8(d) does not give plaintiffs "license to plead inconsistent assertions of facts within the allegations that serve as the factual predicates for an independent, unitary claim." *In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371, 407 (S.D.N.Y. 2001) (emphasis in original); *see also Schoolcraft v. City of NY*, 103 F. Supp 3d 465, 525 (S.D.N.Y. 2015) ("Although Rule 8(d)(3) [of the Federal

Rules of Civil Procedure] allows parties to plead alternative legal theories, it does not permit inconsistent assertions of facts within the allegations."); *United States v. Gotti*, 771 F. Supp. 535, 540 (E.D.N.Y. 1991) ("There is a significant difference between pleading alternative theories of law based upon given facts and pleading alternative statements of fact to support a given principle of law.").

Accordingly, "[i]nternally conflicting factual assertions that constitute integral components of a claim must be distinguished from a permissible alternative statement embodying a theory of a whole sufficient claim." *In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371, 407 (S.D.N.Y. 2001). Indeed, a court need not feel constrained to accept as truth conflicting pleadings that make no sense, or that would render a claim incoherent, or that are contradicted either by statements in the complaint itself or by documents upon which its pleadings rely. *See Barberan v. Nationpoint*, 706 F. Supp. 2d 408, 413 (S.D.N.Y. 2010).

*XL Specialty Ins. Co. v. Otto Naumann, LTD*, 2015 US Dist LEXIS 45028, at *3 (S.D.N.Y. 2015) relates to claims surrounding a missing painting and further illustrates the point:

> Naumann has made conflicting assertions of fact with respect to how Lowy came to possess the painting. In its answer, Naumann denies that it gave Lowy the painting for restoration. Yet, in its third-party complaint against Lowy (part of the same document as the answer), Naumann states -- presumably in order to create a duty in Lowy -- that it hired Lowy to fix the painting. Naumann then clarifies in its brief that Lowy's obtainment of the painting is disputed and that Naumann is merely making a conditional allegation.

*See id.* The Court correctly ruled that Naumann plead inconsistent assertions of fact, not permissible alternative legal theories.

Indeed, courts regularly dismiss claims when a plaintiff pleads factual allegations that undermine another claim. *See Meadowlands Invs., LLC v. CIBC World Markets Corp.*, 2005 U.S. Dist. LEXIS 21102, 2005 WL 2347856, at *4-5 (S.D.N.Y. 2005) (granting motion to dismiss when

8

plaintiff's factual pleadings undermined any claim that the defendant's conduct breached the contract); *see also Kinsey v. Cendant Corp.*, 2004 U.S. Dist. LEXIS 23059, 2004 WL 2591946, at *8 (S.D.N.Y. 2004) (dismissing plaintiff's securities fraud claim and rejecting allegation that plaintiff's stock options were not automatically converted under stock option plan as inconsistent with plaintiff's  allegation that his stock options were automatically converted under the plan*); In re Musicland Holding Corp.*, 398 B.R. 761, 782 (Bankr. S.D.N.Y. 2008) (dismissing claim for rescission  based on mistake when "[t]he claim of mistake [was] directly contradicted by other allegations in the" complaint, such as allegations showing that plaintiff understood the nature of the transaction).

For the sake of clarity, the court should not mistake Defendants argument to mean that it is an impossibility for there to be multiple accurate definitions of relationship**s** between the same parties. By way of example, consider an individual that performs paralegal services to a law firm forty hours per week, and to which the services fully align with those of an employer/employee relationship. Additionally, further assume the employee operates a side sole proprietor landscaping business on the weekends, and that the law firm retains the business to provide landscaping services for a singular weekend. Undoubtedly the relationship involving paralegal services does not convert the lawnmower services into an employment relationship. Similarly, if that same individual hires the law firm to represent him in a personal injury lawsuit, the duties owed to the individual by the law firm would be one of attorney-client, notwithstanding the relationship relating to the paralegal services. The key point in both scenarios, is that multiple distinct services are being provided that are fundamentally different, which allow for different definitional structures of the relationship.

However, while two distinct relationships may exist where separate services are rendered (as described in the academic hypothetical above), multiple relationships cannot exist in relation to the same singular service. Plaintiff merely alleges that the sole relationship connecting Plaintiff and MMMI is one of modeling services. Sec. Am. Compl. ¶ 8.  For that reason, those services can only validly fit into one category, and cannot be described as both "employment" and "fiduciary."

In summary, these two universes, one of employer/employee and one of principal/agent do not and cannot intersect concurrently to describe the core nature of two parties' singular relationship. A business simply cannot simultaneously "employ" an individual while putting the individual's interests ahead of the employer's own interests. It is an impossibility and defies logic. For that reason, the Wage Claims and Fiduciary Duty Claims are factually incompatible under the FRCP and should be dismissed.

## B.      Plaintiff Pleads Allegations Inconsistent With An Employee-Employer Relationship

On one hand, at a fundamental level, an employment relationship exists where a business and individual reach mutual agreement as to wages and benefits, and thereafter the employer exercises day to day control regarding the details of the work to be performed and reserves the right to discharge the employee with or without cause. Moreover, the default rule in employer/employee relationships is one of employment-at-will, in which employment is for an indefinite or unspecified term, is at will, and may be freely terminated by either party at any time without cause or notice. *See Decraene v. Neuhaus (U.S.A.), Inc.*, 2005 US Dist LEXIS 10836, at *19 (S.D.N.Y. 2005). There is no absolute duty whereby the employer must act exclusively in an employee's interest. In employer/employee relationships, employers manage, direct, penalize, and even terminate the employment of employees. The employee is subordinate to the employer,

10

provides services for the benefit of the employer, owes a duty of loyalty to the employer, and any mandates imposed on the employer are minimal.

On the other hand, "[a]gency is the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act." Restatement (Second) of Agency 1 (1996). Stated differently, under New York law, "[a] fiduciary relationship exists when one party 'is under a duty to act for… another upon matters within the scope of the relation.'" *King County v. IKB Deutsche Industriebank AG*, 863 F. Supp. 2d 288, 299 (S.D.N.Y. 2012) (*quoting Flickinger v. Harold C. Brown & Co.*, 947 F.2d 595, 599 (2d Cir. 1991)). Here, a special trust, confidence, duty, and reliance is imputed onto the fiduciary for the benefit of the other party. The fiduciary takes an oath and otherwise pledges to put the other party's interest before their own. Employers do not owe such a duty to employees, nor could such duty exist within an employer/employee relationship.

The factual predicate for the Wage Claims is that an employer/employee relationship exist. The factual predicate for the Fiduciary Duty Claims is that an employer/employee relationship does not exist. The inconsistencies of the factual allegations is evident from a plain reading of the Second Amended Complaint.  In one breath, Plaintiff alleges MMMI had "the power to hire, fire, and/or constructively discharge Plaintiff" (81), that MMMI "hired Plaintiff," that MMMI set Plaintiff's wages, had the power to withhold and/or delay payment to Plaintiff, controlled Plaintiff's schedule, determined whether or not to offer Plaintiff work and/or promote Plaintiff to clients, required Plaintiff to be available at a certain time, required Plaintiff's compliance with certain MMMI policy, practices, and customs. Sec. Am. Compl. ¶¶ 87, 88, 89, 90, 93, 94.  Plaintiff further relies on the language of the Agreement and alleges Plaintiff needed to be available, ready

11

and will to provide services, inform MMMI when Plaintiff was unavailable, appear at professional engagements in a timely manner, etc. Sec. Am. Compl. ¶ 143.

In the next breath, Plaintiff claims a fiduciary relationship existed between MMMI and Plaintiff, that MMMI was obligated to act to the benefit of Plaintiff, and that MMMI was obligated to act as an advisor to plaintiff. Sec. Am. Compl. ¶¶ 157, 231, 236, 412, 417. By way of example only, reading the allegations in the Second Amended Complaint together, Burgess claims that "[MMMI] had the power to withhold and/or delay payment of Plaintiff's…wages" but also claims "there was no reasonable business justification for [MMMI's] substantial delays in paying wages and non-payment of wages to Plaintiff. Sec. Am. Compl. ¶¶ 90, 233. Which is it?

Plaintiff also relies on language of the Agreement. A careful reading of the Agreement reveals the true nature of parties' relationship. By way of example, the Agreement states:

> "I hereby engage [MMMI] as my sole and exclusive personal manager in New York…in connection with the development of my career in modeling, advertising, licensing, entertainment, musical, theatrical, dramatic, artist, fashion, film, video, television and other visual industries"
>
> "as reasonably requested by me"
>
> "In order for [MMMI] to more effectively perform [its] services"
>
> "In consideration of [MMMI] entering into this Agreement and as compensation"

Sec. Am. Compl., Ex A at pp. 4, 5, 6. The terms of the Agreement, which Plaintiff pleads, reflect that Plaintiff actually hired MMMI to provide services to Plaintiff, not the other way around. Stated further, Plaintiff paid MMMI to represent Plaintiff as its modeling agent. These pleadings directly contradict Plaintiff's other allegations that MMMI hired Plaintiff to provide services to MMMI. Plaintiff cannot have it both ways. If Plaintiff hired MMMI to provide service to her, Plaintiff cannot be MMMI's employee.

The stark differences between Plaintiff's factual predicates of employer versus fiduciary is illustrated through examples of other types of relationships. For example, Courts in the Second Circuit analyze whether or not a relationship is one of an employee or an independent contractor through a prism of various factors. S*ee Franze v. Bimbo Foods Bakeries Distrib.*, LLC, 2019 US Dist LEXIS 110711, at *16 (S.D.N.Y 2019). Each fact relating to the relationship either weighs for or against an "employee" or "independent contractor." It is akin to a spectrum, with "independent contractor" on one end and "employee" on the other end. By definition, a fact that goes against a relationship being defined as an "independent contractor," supports the definition of an "employee." Thus, an individual that exercises a certain amount of control of their services to a business weighs in favor an "independent contractor" relationship, and against an "employee" relationship. Ultimately, a court determines the nature of the relationship through a balancing test to see which side of the spectrum the factors weigh greatest towards.

This is not the case for a "principal/agent" versus an "employer/employee." Those two concepts of relationships are unequivocally a part of different analytical paradigms that live on wholly separate and distinct spectrums from each other. To be sure, the existence of a factor that weighs towards an employment relationship does not exist in the universe of an agency relationship. There is no balancing test that weighs between these relationships as they are not creatures of the same framework.

In summary, Plaintiffs two types of claims are so inherently different that the Wage Claims are simply not plausible. This internal factual contradiction is fatal to the Wage Claims because "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Stated differently, the

Second Amended Complaint seeks to chart a course that is not recognized or permitted in federal court.

## IV.    PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR FLSA OR NYLL RETALIATION

The tenth and eleventh causes of action in the Second Amended Complaint allege FLSA and NYLL retaliation. At the outset, both of these claims fail for the same reason all of Plaintiff's other Wage Claims fail as stated in Section III above. As further stated below, both retaliation claims also fail for additional independent reasons.

Both the FLSA and the NYLL make it unlawful to retaliate against an employee because she engaged in protected activity. *See* 29 U.S.C. § 215(a)(3) (unlawful for employer to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under [the FLSA]"); NYLL § 215(1)(a) (unlawful for employer to "discriminate or retaliate against any employee . . . because such employee has made a complaint to his or her employer . . . that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates [the NYLL]"). The FLSA and NYLL retaliation provisions are 'nearly identical' and [are] analyzed under the same framework." *Lopez v. Advantage Plumbing & Mech. Corp.*, 2016 U.S. Dist. LEXIS 43608, 2016 WL 1268274, at *1 (S.D.N.Y. Mar. 31, 2016) (citation omitted).

"[A] plaintiff alleging retaliation under FLSA must establish a prima facie case of retaliation by showing (1) participation in protected activity known to the defendant; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." *Mullins v. City of New York*, 626 F.3d 47, 53 (2d Cir. 2010).

By filing the at-issue lawsuit, Plaintiff has arguably engaged in protected activity. Plaintiff does not allege any other form of protected activity. Regardless, Plaintiff fails to allege elements two and three of a prima facie case of retaliation, which is fatal to her claims.

### A.  Plaintiff Fails to Allege She Has Experienced an Adverse Employment Action

As a second step, a plaintiff must establish the defendant took an adverse employment action. To establish an adverse employment action, Plaintiff must "show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Burlington N. & Sante Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006), *quoting Rochon v. Gonzales*, 438 F.3d 1211, 1219 (D.C. Cir. 2006).

In making the determination of whether the challenged conduct constitutes an adverse employment action, "context matters." *Khurana v. Wahed Invest, LLC,* 2020 US Dist LEXIS 4762 *14 (S.D.N.Y. Jan. 8, 2020); *see also Aponte v. Modern Furniture Mfg. Co., LLC*, 2016 U.S. Dist. LEXIS 131408, 2016 WL 5372799, at *15 (E.D.N.Y. Sept. 26, 2016). "In the context of a claim for post-employment retaliation, a relatively narrow range of conduct has been recognized in the Second Circuit as potential unlawful retaliation." *Khurana II*, 2020 U.S. Dist. LEXIS 4762, 2020 WL 364794, at *14; *see also Porter v. MooreGroup Corp.*, 2020 U.S. Dist. LEXIS 398, 2020 WL 32434, at * 11 (E.D.N.Y. Jan. 2, 2020) ("Retaliation claims made by former employees for post-employment conduct are . . . allowed under 'relatively narrow' circumstances."); J*ian Zhong Li v. Oliver Kings Enters., Inc.*, 2015 U.S. Dist. LEXIS 102597, 2015 WL 4643145, at * 3 (S.D.N.Y. Aug. 4, 2015) ("The scope of post-employment conduct that does not have a direct connection to the former employee's employment prospects that has been recognized in this Circuit as potential unlawful retaliation under FLSA is . . . relatively narrow.").

15

By the same token, not all post-employment comments that displease a former employee are actionable as retaliation. "The anti-retaliation provision protects an individual not from all retaliation, but from retaliation that produces an injury or harm." *White*, 548 U.S. 53, 2006 WL 1698953, at *10. Under the Supreme Court's formulation, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* (internal quotation marks and citations omitted). In assessing the legal sufficiency of the alleged retaliation, "it is important to separate significant from trivial harms." *Id.* The "provision's standard for judging harm must be objective," thereby "avoid[ing] the uncertainties and unfair discrepancies that can plague a judicial effort to determine a plaintiff's unusual subjective feelings." *Id.*

In the Second Amended Complaint, Plaintiff fails to allege that she suffered any adverse employment action or any action that would impact any future employment opportunity. *See Burnett v. Trinity Inst. Homer Perkins Ctr., Inc.*, 2011 U.S. Dist. LEXIS 6872, 2011 WL 281023, at *3 (N.D.N.Y. 2011) (the defendant, "was entitled to exercise its legal rights and engage in legal advocacy, and as a result, such conduct may not serve as a basis for a retaliation claim"). Plaintiff has not alleged that Defendants actions had any impact on Plaintiff's current employment situation, her efforts to find a new job, or that Defendants, in anyway, hindered prospective employment); *Patel v. Lutheran Med. Ctr., Inc.*, 753 F. Supp. 1070, 1074 (E.D.N.Y. 1990) (holding that former employer's alleged tortious interference was not an adverse employment action because "the action had no impact on plaintiff's current employment situation. Neither was he undertaking efforts to find a new job, so the alleged act in no way hindered prospective employment. . . . [A] claim of retaliation requires an impact on the plaintiff's

ability to continue or procure employment. The alleged tort had no such impact, and none is claimed"); *see also Davenport v. Sp Jedi Inc.*, 2020 US Dist LEXIS 47655, at \*21-22 (D. Ariz. Jan. 16, 2020) (denying Plaintiff's motion for summary judgment on FLSA retaliation claim because plaintiff failed to state what adverse employment action was incurred as a result of the online feedback form Defendants sent to her new employer).

Instead, Plaintiff gratuitously claims that merely referencing Burgess, among several other people, in its amended complaint against Muse, somehow interferes with Plaintiff's employment. On the contrary, upon information and belief, Plaintiff continues to employ Muse as her agent. The foundation of Plaintiff's retaliation claims are complete and utter conjecture and speculation. Plaintiff merely offers a conclusion that because her name is referenced in a lawsuit, Muse, is going to react in a certain negative way. Such speculation is insufficient to prop up a retaliation claim. *See Giarrizzo v. Holder*, 2011 US Dist LEXIS 120739, at \*17 (N.D.N.Y. Oct. 19, 2011) ("[t]he harm that plaintiff has allegedly suffered…is wholly conclusory and insufficient to state a claim for retaliation).

MMMI's action against Muse includes legitimate causes of action. Moreover, it is two degrees of separation away from Plaintiff. Indeed, Plaintiff is not even a named defendant in the action. The anti-retaliation sections of the NYLL and FLSA do not encompass a ripple effect that far downstream, let alone bodies of water away.

Plaintiff's name is sparsely referenced at all in the amended complaint against Muse. Specifically, Plaintiff is referenced in the amended complaint against Muse as follows:

> Muse and Gubitosi working together successfully solicited and caused at least five models to breach their contract with Major, Jasmine Burgess, Clare Cirillo, Kennedy Hunter, Shakyla Ramsey and Tamiris Freitas.

> Jasminee Burgess entered into a contract with Major on May 29, 2012. She did not terminate the contract, which automatically renewed on May 29, 2014 for another one-year term, and on every anniversary of that date for an additional one-year term.
>
> Major fully performed under its contract with Jasmine Burgess, including by providing the contracted services.
>
> Jasmine Burgess did not provide written notice of termination of her contract with Major. She therefore did not terminate the contract, which remains current and binding.
>
> On information and belief, Jasmine Burgess entered into a contract with Muse to be represented in New York in or about July 2017.
>
> Jasmine Burgess's entry into a contract with Muse is a breach of the exclusivity term of her contract with Major.
>
> On information and belief, Gubitosi, with knowledge of Burgess's contract with Major, solicited Burgess to breach her contract with Major by signing with Muse.

*See* Green Decl. at Exhibit B ¶¶ 38, 49, 50, 51, 52, 53, 54.

None of the references to Plaintiff point Muse to this action. Indeed, if Muse is aware of this action it is likely because of Plaintiff's self-proclaimed role as a crusader in the modeling industry. By way of example, Plaintiff has represented to the Court in a public document that she has a "current public interest goal of reclassifying Major's models as employees". *See* ECF No. 42 at p. 2. Muse learned nothing new from Plaintiff's bare reference in the amended complaint against Muse, and Plaintiff has not alleged any negative adverse action that she has suffered.

Plaintiff's failure to allege any adverse action is fatal to her retaliation claim.

## B. Plaintiff Fails to State A Causal Connection Between the Protected Activity and any Adverse Employment Action

Finally, as to the third step, a plaintiff must establish a causal connection between the complaint and the adverse action. *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 473 (S.D.N.Y. 2008). The "causal connection may be established by (1) evidence of retaliatory animus

directed against a plaintiff by the defendant; or (2) a close temporal proximity between the protected activity and the adverse employment action." *Id.*

With respect to the causal connection requirement, Plaintiff may specifically allege such a connection either "directly, by alleging facts of a retaliatory animus against him," or "indirectly, either by showing a temporal relationship in which the protected activity was followed closely in time by discriminatory treatment, or by other circumstantial evidence." *McManamon v. Shinseki*, 2013 U.S. Dist. LEXIS 96087, 2013 WL 3466863, at *12 (S.D.N.Y. July 10, 2013); *see also*; *McNair v. N.Y.C. Health & Hosp. Co.*, 160 F. Supp. 2d 601, 604 (S.D.N.Y. 2001) ("In order to establish [a] causal connection, a plaintiff must allege (1) direct proof of retaliatory animus directed against the plaintiff; (2) disparate treatment of similarly situated employees; or (3) that the retaliatory action occurred close in time to the protected activities.").

"At the prima facie stage, a plaintiff can rely solely on temporal proximity to establish the requisite causal connection between her protected activity and the materially adverse action that she allegedly suffered in retaliation for engaging in that activity," *Risco v. McHugh*, 868 F. Supp. 2d 75, 114 (S.D.N.Y. 2012) (italics omitted); however, "[t]he cases that accept mere temporal proximity . . . as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be very close," *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 121 (2001) (internal quotation marks omitted); *see also Abrams v. Dep't of Pub. Safety*, 764 F.3d 244, 254 (2d Cir. 2014) (noting that "temporal proximity must be very close" for purposes of retaliation claim (internal quotation marks omitted)).

Nine or ten weeks is at the outer bounds of what is acceptable where, as here, a plaintiff relies solely on temporal proximity to demonstrate causation. *See Ponticelli v. Zurich Am. Ins. Group*, 16 F. Supp. 2d 414, 436 (S.D.N.Y. 1998) (two-and-a-half month gap too long to give rise

29690901.v1

to inference of causal connection); *Garrett v. Garden City Hotel, Inc.*, 2007 U.S. Dist. LEXIS 31106, 2007 WL 1174891, at *21 (E.D.N.Y. Apr. 19, 2007) (finding that the passage of two-and-a-half months between protected activity and adverse action was insufficient to establish a causal connection, and surveying cases suggesting line is drawn at two months); *Olorode v. Streamingedge, Inc.*, 2014 U.S. Dist. LEXIS 59421, 2014 WL 1689039, at *19 (S.D.N.Y. Apr. 29, 2014) (eleven weeks insufficient), *report and recommendation adopted*, 2014 U.S. Dist. LEXIS 112337, 2014 WL 3974581 (S.D.N.Y. Aug. 13, 2014).

Courts regularly dismiss FLSA retaliation claims when the plaintiff fails to allege a credible causal connection. *See Wang v. Palmisano*, 157 F. Supp. 3d 306, 329 (S.D.N.Y. 2016) (the Court nonetheless finds that Plaintiff has failed to plausibly plead the requisite causal connection); *Jeanty v. Newburgh Beacon Bus Corp.*, 2018 US Dist LEXIS 197248, at *34 (S.D.N.Y. Nov. 19, 2018) (Plaintiff's FLSA retaliation claim dismissed because Plaintiff could not establish a causal connection between an adverse action and his protected activity).

Here, it appears that Plaintiff rests her entire argument concerning causal connection on the basis of temporal proximity. Plaintiff commenced this action on or about April 3, 2020. *See* ECF No. 1. Plaintiff alleges that Defendants' act of retaliation occurred on March 3, 2021, eleven months later. An eleven month gap between purported retaliatory action and the alleged concerted activity is categorically rejected in the Second Circuit and is not actionable retaliation under the FLSA or NYLL. *See Ponticelli*, 16 F. Supp. 2d at 436.

Since Plaintiff has failed to plead a causal connection between the protected activity and any adverse action, Plaintiff's retaliation claims should be dismissed.

## CONCLUSION

Based on the foregoing, MMMI respectfully requests the Second Amended Complaint be dismissed with prejudice.

Dated: Garden City, New York
      April 16, 2022

GOLDBERG SEGALLA LLP

By: /s/ Scott R. Green
    Scott R. Green
    Matthew S. Trokenheim
    Christopher P. Maugans
    200 Garden City Plaza, Suite 520
    Garden City, New York 11530
    Phone:  (516) 281-9859
    Fax:  (516) 281-9801
    *Attorneys for Defendants*
    *Major Model Management, Inc. and*
    *Guido Dolci*