UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASMINE BURGESS, on behalf of all other similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>MAJOR MODEL MANAGEMENT, INC. and GUIDO DOLCI<br><br>      Defendants. | CIVIL ACTION NO.:<br>1:20-CV-02816-GHW |

# DEFENDANTS' REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED CLASS ACTION COMPLAINT

GOLDBERG SEGALLA LLP
200 Garden City Plaza, Suite 520
Garden City, New York 11530
Phone: (516) 281-9859
Fax: (516) 281-9801
*Attorneys for Defendants*
*Major Model Management, Inc. and*
*Guido Dolci*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ...................................................................................................................... 2

    I.    PLAINTIFF'S ARTICLE 11 CLAIM SHOULD BE DISMISSED WITH PREJUDICE BECAUSE THE 2015 AMENDMENT TO GENERAL BUSINESS LAW 185(10) DID NOT CREATE A PRIVATE RIGHT OF ACTION FOR ARTICLE 11 CLAIMS .......................................................................... 2

    II.    PLAINTIFF OFFERS NO SUPPORT FOR HER FLSA AND NYLL RETALIATION CLAIMS, WHICH BOTH SHOULD BE DISMISSED ......................... 3

    III.    PLAINTIFF FAILS TO CONTROVERT DEFENDANTS' ARGUMENT THAT THE SECOND AMENDED COMPLAINT VIOLATES FRCP (8)(d) .......................................................................................................................... 6

CONCLUSION ................................................................................................................. 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Agerbrink v. Model Serv. LLC*,
 2015 U.S. Dist. LEXIS 77821 (S.D.N.Y. June 16, 2015)...........................................................7

*Astroworks, Inc. v. Astroexhibit, Inc.*,
 257 F Supp 2d 609 (S.D.N.Y. 2003)........................................................................................8

*Barberan v. Nationpoint*,
 706 F. Supp. 2d 408 (S.D.N.Y. 2010).....................................................................................9

*Goldberg v. Whitake House Coop., Inc.*,
 366 U.S. 28 (1961)..................................................................................................................7

*Leevson v. Aqualife USA Inc.*,
 770 F App'x 577 (2d Cir 2019) ..........................................................................................7, 8

*Meadowlands Invs., LLC v. CIBC World Markets Corp.*,
 2005 U.S. Dist. LEXIS 21102, 2005 WL 2347856 (S.D.N.Y. 2005).........................................9

*Olorode v. Streamingedge, Inc.*,
 2014 U.S. Dist. LEXIS 59421, 2014 WL 1689039 (S.D.N.Y. Apr. 29, 2014) ........................5

*Perrone v. Amato*,
 2010 U.S. Dist. LEXIS 148202 (E.D.N.Y. Aug. 30, 2010).......................................................7

*Ponticelli v. Zurich Am. Ins. Group*,
 16 F. Supp. 2d 414 (S.D.N.Y. 1998).......................................................................................4

*Schoolcraft v. City of NY*,
 103 F. Supp 3d 465 (S.D.N.Y. 2015).....................................................................................9

*United States v. Gotti*,
 771 F. Supp. 535 (E.D.N.Y. 1991) .........................................................................................9

*XL Specialty Ins. Co. v. Otto Naumann, LTD*,
 2015 US Dist LEXIS 45028 (S.D.N.Y. 2015).........................................................................9

*Yngwie Malmsteen v. Berdon, LLP*,
 595 F. Supp. 2d 299 (S.D.N.Y. 2009).....................................................................................7

*Zaubler v. Picone*,
 100 A.D.2d 620 (2d Dep't 1984) ...........................................................................................6

**Statutes**

FLSA ............................................................................................................................. 4, 5, 7

FRCP (8)(d) ......................................................................................................................... 6

FRCP 12(b)(6) ..................................................................................................................... 1

General Business Law §185(10) ................................................................................. 1, 2, 3

New York General Obligations Law § 5-1505 .................................................................. 7

As the Court is aware, Defendants have moved under Federal Rules of Civil Procedure ("FRCP") 12(b)(6) to dismiss the first, second, third, fourth, fifth, sixth, seventh, tenth, eleventh, and twelfth causes of action in the Second Amended Class Action Complaint filed in this action on March 26, 2021 (the "Second Amended Complaint" or "Sec. Am. Compl.," ECF No. 49) of plaintiff Jasmine Burgess individually and on behalf of all others similarly situated ("Burgess" or "Plaintiff"). Defendants offer this Reply in response to Plaintiff's opposition and in further support of their motion to dismiss.

## PRELIMINARY STATEMENT

Plaintiff spills considerable ink in her opposition, but fails to meaningfully respond to Defendants' motion to dismiss.

First, Plaintiff attempts to breathe air into her flailing Article 11 claim by representing to this Court that an amendment to General Business Law §185(10) in 2015 somehow created a private cause of action despite the statute saying nothing of the kind. Plaintiff's representation to the court is false and without support.

Second, Plaintiff makes the incredible claim that Major Model Management, Inc.'s ("MMMI") pending New York State Supreme Court action against Muse Model Management, Inc. ("Muse") can form the basis for a retaliation claim in the action before this court. It cannot. Plaintiff is <u>not a named defendant</u> in MMMI's action against Muse and Plaintiff offers no legal authority to support her position. Moreover, the alleged protected activity Plaintiff relies on is far beyond the recognized temporal proximity in the Second Circuit.

Third, Plaintiff fails to meaningfully respond to case law cited within Defendants' moving papers that state a plaintiff may not plead inconsistent assertions of facts within the allegations that serve as the factual predicates for an independent, unitary claim. Moreover, Plaintiff fails to cite a

1

single case (from the Second Circuit or elsewhere) where a plaintiff has been permitted to continue litigating a case where a business is simultaneously alleged to be an employer and fiduciary of an individual as it relates to a singular stream of services.

## ARGUMENT

**I. PLAINTIFF'S ARTICLE 11 CLAIM SHOULD BE DISMISSED WITH PREJUDICE BECAUSE THE 2015 AMENDMENT TO GENERAL BUSINESS LAW 185(10) DID NOT CREATE A PRIVATE RIGHT OF ACTION FOR ARTICLE 11 CLAIMS**

Unfortunately for Plaintiff, nothing can resuscitate Plaintiff's Article 11 claim. Plaintiff submits approximately eight (8) pages in her opposition trying to convince this Court that an amendment to General Business Law 185(10) in 2015 created a private cause of action. *See* Plaintiff's Opposition Memorandum of Law, dated May 7, 2021 ("Plaintiff's Opp. MOL") at pp. 12-19. It did not.

General Business Law §185(10) is entitled "fees" and has nothing to do with enforcement under Article 11. The amendment specifically included the following changes:

> Notwithstanding any other provision of law to the contrary, no fee may be charged or collected for services rendered by an employment agency not licensed pursuant to section one hundred seventy-two of this article at the time such services were rendered. ~~Any agreement or contract with an unlicensed employment agency shall render the agreement or contract void in any action to collect a fee, at the option of the defendant to such action.~~ In an action to collect a fee, the court shall void all or any part of an agreement or contract with an employment agency that did not have a valid license at the time the contract was entered into or services were rendered; however, such contract shall not be considered void if a court finds a good faith effort by an employment agency to maintain its license despite clerical error or delay by the department of labor or the New York city department of consumer affairs.

*See* 2015 N.Y. ALS 84. The 2015 amendment to GBL §185(10) has absolutely nothing to do with

who may be bring an action under Article 11, and by no stretch of the imagination can be read to create a private cause of action. Indeed, an entirely different section of Article 11, GBL §189, entitled "enforcement of provisions of this article," expressly empowers the Commissioner of Labor to bring an action. *See* GBL §189. Even Plaintiff must admit that as a matter of logic, the reason no one has tried to bring a private cause of action in the nearly 6 years since GBL §185(10) was amended, is because the amendment does not permit a private cause of action. If the legislature wanted to create a private cause of action under Article 11 it would have amended GBL §189, not GBL §185(10).

Nothing has changed since counsel for Plaintiff asserted this same cause of action in *Agerbrink v. Model Serv. LLC*, 2015 US Dist LEXIS 77821, at *6 (S.D.N.Y. June 16, 2015), and counsel knows it. Plaintiff's refusal to voluntarily dismiss this cause of action and to instead double down on her incredulous position is further evidence of harassive and vexatious litigation. Based on the foregoing, Plaintiff's Article 11 claim (i.e. the twelfth cause of action), must be dismissed.

## II. PLAINTIFF OFFERS NO SUPPORT FOR HER FLSA AND NYLL RETALIATION CLAIMS, WHICH BOTH SHOULD BE DISMISSED

The tenth and eleventh causes of action in the Second Amended Complaint allege FLSA and NYLL retaliation. *See* Green Declaration, dated April 16, 2021 ("Green Decl.") as Exhibit B at ¶¶ 434-500. Plaintiff's retaliation claims have at least two fundamental flaws, either of which warrant dismissal of these claims. First, Plaintiff concedes that her entire theory of liability relies on temporal proximity, where none exists. *See* Plaintiff's Opp. MOL at p. 2. Second, the "adverse action" Plaintiff relies on is a lawsuit for which Plaintiff is not a named Defendant! *See* Cyrus Dugger Declaration, dated May 7, 2021 ("Cyrus Decl.") Decl. at Exhibit B.

Plaintiff offers no case law in support of her position that the second amendment to a complaint, or even the first amendment to a complaint, constitutes protected activity and restarts

3

the clock on a temporal proximity theory in support of a retaliation claim. Plaintiff alleges that Defendants' act of retaliation occurred on March 3, 2021. Plaintiff commenced this action on or about April 3, 2020. *See* ECF No. 1. That is the date that started the clock on Plaintiff's temporal proximity theory and it is well settled law in the Second Circuit that an eleven month gap between purported retaliatory action and the alleged concerted activity is categorically not actionable retaliation under the FLSA or NYLL. *See Ponticelli v. Zurich Am. Ins. Group*, 16 F. Supp. 2d 414, 436 (S.D.N.Y. 1998) (two-and-a-half month gap too long to give rise to inference of causal connection). Plaintiff essentially attempts to shoehorn a "continuous violation" theory into what is a "discrete event." This is perhaps the quintessential example of a slippery slope. Plaintiff could similarly claim that if she makes a discovery demand, files a motion, or even appears for a conference with the court, that such actions are protected activity restarting the clock. The anti-retaliation provisions of the FLSA and NYLL may be broad, but they are undoubtedly not that broad.

Even if this Court were to accept Plaintiff's argument (which Defendants submit it should not), that Plaintiff's addition of the class action element to this lawsuit could somehow restart the clock on a temporal proximity retaliation theory, Plaintiff's retaliation claims are still dead on arrival. Plaintiff represented through counsel to Defendants' counsel during a conference on the record with the Court on December 1, 2020 that Plaintiff intended to seek leave to file an amended class action complaint. *See* ECF No. 27. Defendants' counsel immediately informed Defendants of Plaintiff's intention to amend her complaint to add in the class allegations. Accordingly, the operative date under Plaintiff's temporal proximity theory is December 1, 2020, not the date Plaintiff eventually filed the first amended complaint. Plaintiff alleges that Defendants' act of retaliation occurred on March 3, 2021, more than 3 months later, which is also insufficient. *See*

4

*Olorode v. Streamingedge, Inc.*, 2014 U.S. Dist. LEXIS 59421, 2014 WL 1689039, at *19 (S.D.N.Y. Apr. 29, 2014) (eleven weeks insufficient), *report and recommendation adopted*, 2014 U.S. Dist. LEXIS 112337, 2014 WL 3974581 (S.D.N.Y. Aug. 13, 2014). Accordingly, even under Plaintiff's own unsupported theory, she still cannot establish a prima facie case of retaliation under a temporal proximity theory.

In support of Plaintiff's retaliation claims she spews six pages of argument and includes dozens of citations to cases, <u>none of which support her position</u>. *See* Plaintiff's Opp. MOL at pp. 20-25. Plaintiff sheepishly acknowledges that the pending lawsuit for which Plaintiff's entire retaliation theory relies on involves Muse, and that Plaintiff is <u>not a named defendant in the lawsuit</u>! *See* Plaintiff's Opp. MOL at p. 23.

To accept Plaintiff's convoluted theory would wreak havoc on businesses and carve out a competitive windfall for companies that engage in overt business illegalities. Business A would seek the services of an individual under contract with Business B, ask the individual to initiate a baseless lawsuit against Business B under a statute(s) with an anti-retaliation provision (e.g. FLSA, NYLL), and then use the existence of that lawsuit to shield Business A from Business B seeking legitimate recourse in the judicial system against Business A. Plaintiff cannot use the existence of her lawsuit against Defendants in this matter to shield a third party (Muse), under the guise of "retaliation" against Plaintiff. Plaintiff relies upon no case law in support of her position, which is based on faulty logic. The silence is deafening.

It is also worth noting that Plaintiff is clearly feigning concern about reputational harm. It is Plaintiff who filed a public lawsuit boldly declaring war against the entire modeling industry, shouting from the rooftops her misguided agenda to change the industry in its entirety. *See* ECF No. 42 at p. 2. She chose to put her name in the caption of this action. Plaintiff's unsupportable

position that her reputation in the industry is harmed by being referenced in middle paragraphs of a lawsuit's complaint without being a named defendant is a blatant and improper attempt to shift blame for any reputational harm from herself to Defendants. *See* Plaintiff's Opp. MOL at p. 23.

Finally, Plaintiff admits the named defendants in MMMI's lawsuit against Muse are Plaintiff's and putative class members' <u>current</u> modeling agency and booker. *See* Plaintiff's Opp. MOL at p. 23. Accordingly, Plaintiff fails to allege that she has been negatively affected by MMMI's lawsuit against Muse now, or that she has any reason to believe she will have any issues in the future.

For all of these reasons Plaintiff has failed to plead a cause of action for retaliation, and Plaintiff's retaliation claims should therefore be dismissed.

### III. PLAINTIFF FAILS TO CONTROVERT DEFENDANTS' ARGUMENT THAT THE SECOND AMENDED COMPLAINT VIOLATES FRCP (8)(d)

Plaintiff asserts that her inclusion of contradictive factual predicates in the second amended complaint is permissive under the FRCP, yet she relies upon no case law where an individual was deemed to be a principal in a fiduciary relationship and an employee in an employer-employee relationship, relating to one singular stream of services. *See* Plaintiff's Opp. MOL at pp. 5-12.

In an attempt to argue why the second amended complaint is not riddled with irreconcilable inconsistencies, Plaintiff digs deeper into a hole that she cannot claw her way out of. By way of example, Plaintiff relies upon *Zaubler v. Picone*, 100 A.D.2d 620, 620 (2d Dep't 1984) for the notion that a power of attorney is "extraordinary" and therefore a strong degree in support of the economic reality test. *See* Plaintiff's Opp. MOL at p. 6. *Zaubler* involved the concept of the power attorney in the context of the dissolution of a partnership. It has absolutely no relevance or precedential value to this matter.

Plaintiff also mistakenly argues in her opposition, the merits of her Wage Claims and her Fiduciary Duty Claims, putting each species of claims in a vacuum. The merits of Plaintiffs' claims are not the subject of this portion of Defendants' motion to dismiss. In effect, Plaintiff fails to confront the central issue in Defendants' motion, which is that Plaintiff's second amended complaint is grounded in two distinct factual predicates that cannot be reconciled. While Plaintiff's counsel has not been shy about informing this Court that he was the attorney of record in *Agerbrink v. Model Serv. LLC*, 2015 U.S. Dist. LEXIS 77821 (S.D.N.Y. June 16, 2015), Plaintiff's counsel does conceal that in that matter, Plaintiffs did not include both Wage Claims and Fiduciary Duty Claims. For that reason, Plaintiff's reliance upon *Agerbrink v. Model Serv. LLC*, 2015 U.S. Dist. LEXIS 77821 (S.D.N.Y. June 16, 2015) does not support an argument that Wage Claims and her Fiduciary Duty Claims can exist in the same complaint without running afoul of FRCP(8)(d).

Indeed, Plaintiff relies on legal authority that supports Defendants' position. Plaintiff relies upon *Perrone v. Amato*, 2010 U.S. Dist. LEXIS 148202, at *4 (E.D.N.Y. Aug. 30, 2010) and *Yngwie Malmsteen v. Berdon, LLP*, 595 F. Supp. 2d 299 (S.D.N.Y. 2009), both of which allege claims relating to fiduciary duties, and neither of which allege any wage claims. Moreover, Plaintiff also relies on New York General Obligations Law § 5-1505. A search of Lexis reveals that zero cases link New York General Obligations Law § 5-1505 with the key words "FLSA" or "NYLL." Defendants submit that this is because everyone (except Plaintiff) knows that you cannot validly shoehorn wage and hour claims into fiduciary claims. The Wage Claims and Fiduciary Duty Claims mix as well as oil and water because of their distinct underlying factual predicates.

Plaintiff burrows further and cites a line of cases that are easily distinguishable from the matter at hand. For example, *Leevson v. Aqualife USA Inc.*, 770 F App'x 577 (2d Cir 2019) deals with independent contractor versus an employee relationship and *Goldberg v. Whitake House*

7

*Coop., Inc.*, 366 U.S. 28, 32 (1961) deals with cooperative member versus an employee. *See* Plaintiff's Opp. MOL at p 7. Neither of those cases deal with fiduciary versus employee, and therefore are irrelevant. Indeed, *Leevson* keys in a prominent theory outlined in Defendants' moving papers, and notes the possibility of multiple relationships between the same parties existing where multiple distinct services are being provided. That is not the case here. In this matter, Plaintiff seeks to codify a singular line of services in multiple inconsistent ways. Plaintiff further offers the bold and supported proposition that Plaintiff "could have been an employee for the *very reason* that Defendant exercised control over her, by breaching and ignoring its fiduciary duty." (emphasis in the original). *See* Plaintiff's Opp. MOL at p 8. By Plaintiff's logic, an attorney that breaches their fiduciary duty to a client will automatically be deemed an employer of that individual because the attorney utilized its "extraordinary power". *See* Plaintiff's Opp. MOL at p 8. Plaintiff's argument simply does not add up.

Plaintiff repeatedly claims that she is permitted to allege the Wage Claims and her Fiduciary Duty Claims and then like clockwork falls back on authority in a completely different area of law. Plaintiffs rely on *Astroworks, Inc. v. Astroexhibit, Inc.*, 257 F Supp 2d 609, 621 (S.D.N.Y. 2003), for the unremarkable principle that employees can plead an agreement equating to a contract, or in the alternative, under a quasi-contract theory. As already discussed in Defendants' moving papers, that type of alternative pleading is permitted under FRCP(8)(d), and it is because the underlying factual allegations line up on the same spectrum and do not contain distinct factual predicates. That is not the case with the Wage Claims and Fiduciary Duty Claims, and Plaintiff has failed to cite any legal authority stating otherwise.

Finally, despite the length of Plaintiff's opposition, she fails to submit even a cursory response to numerous cases cited by Defendants in our moving papers, which are central to the

core question before the court, which is that Plaintiff does not have a license to plead inconsistent assertions of facts within allegations that serve as the factual predicate for an independent, unitary claim. These cases include but are not limited to *Schoolcraft v. City of NY*, 103 F. Supp 3d 465, 525 (S.D.N.Y. 2015), *Barberan v. Nationpoint*, 706 F. Supp. 2d 408, 413 (S.D.N.Y. 2010), *XL Specialty Ins. Co. v. Otto Naumann, LTD*, 2015 US Dist LEXIS 45028, at *3 (S.D.N.Y. 2015); *Meadowlands Invs., LLC v. CIBC World Markets Corp.*, 2005 U.S. Dist. LEXIS 21102, 2005 WL 2347856, at *4-5 (S.D.N.Y. 2005), and *United States v. Gotti*, 771 F. Supp. 535, 540 (E.D.N.Y. 1991). Plaintiff's failure to respond to these cases equates to a concession that they are controlling on this matter.

Plaintiff also incorrectly claims that Defendants do not specify the factual allegations that are inconsistent with each other. This simply is not true. Defendants moving papers specify the inconsistent factual allegations which are only bolstered and amplified by Plaintiff's scattered opposition. By way of example, the second amended complaint parrots common factors relating to an employer-employee relationship (e.g. hiring, setting wages, setting schedules) and then asserts simultaneously an obligation of a fiduciary (e.g. MMMI was obligated to act on Plaintiff's behalf, MMMI could withhold or delay payment of Plaintiff's wages). In the interest of brevity, and to avoid duplication, Defendants respectfully refer the court to Defendants' initial moving papers for a more thorough discussion on what is quite obviously allegations in the second amended complaint that describe two different relationship structures than cannot exist at the same time with regard to a single service. *See* Defendants' Memorandum of Law, dated April 16, 2021 at pp. 6-13.

## CONCLUSION

Based on the foregoing, Defendants respectfully request the Second Amended Complaint be dismissed with prejudice.

Dated: Garden City, New York
       May 14, 2022

GOLDBERG SEGALLA LLP

By: /s/ Scott R. Green
    Scott R. Green
    Matthew S. Trokenheim
    Christopher P. Maugans
    200 Garden City Plaza, Suite 520
    Garden City, New York 11530
    Phone: (516) 281-9859
    Fax: (516) 281-9801
    *Attorneys for Defendants*
    *Major Model Management, Inc. and*
    *Guido Dolci*