

*Cyrus E. Dugger, Esq.*
*Gotham Center*
*28-07 Jackson Ave., 5th Fl.*
*Long Island City, NY 11101*
*Tel: (646) 560-3208*
*www.theduggerlawfirm.com*

July 9, 2021

<u>Via ECF</u>
The Honorable Gregory H. Woods
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

       Re:    *Burgess v. Major Model Management, Inc., et al.*, **No. 20 Civ. 02816 (GHW)**

Dear Judge Woods:

      My firm represents Plaintiff Jasmine Burgess, the putative class, and the putative collective in the above-referenced litigation against modeling agency Major Model Management, Inc. ("Major") and agency owner Guido Dolci ("Dolci") (collectively, "Defendants"). We write, pursuant to the Court's June 11, 2021 Order, to submit our proposal "on the appropriate scope of electronic document searches" concerning Plaintiff's first requests for production of documents. Dkt. No. 72 ¶ 7 ("Within four weeks of this Order, the parties are directed to submit a joint proposal, or competing proposals, on the appropriate scope of electronic document searches concerning these requests.").

### I.   Defendants' Failure to Provide the Court-Ordered Hit Count Report

      As an initial matter, Plaintiff's ability to intelligently narrow any of our search term-based document requests, has been made difficult, if not impossible, by Defendants' failure to provide the hit count report ordered by the Court on June 11, 2021. Dkt. No. 72 ("With respect to Plaintiff's additional electronic document search-based discovery requests, within three weeks of this Order, Defendants are directed to provide hit reports totaling: (1) the number of unique documents responsive to each such electronic document search request and (2) the overall number of unique documents responsive to all such electronic discovery search-based requests."). Moreover, in the absence of this court-ordered hit report, Defendants have utterly failed to articulate, with any competent evidence, any concrete burden associated with their compliance with these search term-based electronic document requests.

### II.   Defendants' Failure to Comply Fully with the Court's June 11, 2021 Order

      While Defendants' flouting of this Court's rules and Orders appears to have become commonplace, *see, e.g.*, Dkt. No. 53 (noting Defendants' failure to seek leave to file motion); *id.* 61 (response filed four days after deadline); *id.* (failure to cooperate with joint filing procedure); *id.* 57 (request for adjournment requested without consulting with Plaintiff's counsel), most

immediately, Defendants have failed to comply fully with the production of documents -- including many of the required database reports and exports -- required by Your Honor's June 21, 2021 Order. Dkt. No. 72.

Nonetheless, because these violations are not the focus of this submission to the Court, they are not detailed here. Plaintiff, however, is in the process of drafting a request for sanctions in connection with these violations.

### III. Plaintiff's Proposal Regarding Search Term-Based Electronic Document Searches

#### A. Available Sources of Electronic Documents Beyond Databases

Putting aside the electronic databases already addressed by the Court in its June 11, 2021 Order, Dkt. No. 72, Plaintiff's instant requested proposal addresses Defendants' other remaining electronic document custodians.

As background, Defendants' initial disclosures, supplemental interrogatory responses, and statements to the Court have identified: (1) Microsoft Outlook email provider (pre-2017 emails); (2) Gmail email provider (2017-present); and (3) Twitter, Instagram, and Tumblr social media accounts.

Defendants' counsel have also identified "twenty seven . . . computers, including three servers that were taken off line during a change in management in 2017." Dkt. No. 68 at 6. Defendants assert that this older hardware can be used to forensically extract embedded copies of the pre-2017 emails that Defendants assert were erased from Microsoft Outlook -- despite their then-existing preservation obligations from prior litigation. *Id.* ("Defendants are advised that it is very likely that any and all deleted Outlook emails can be retrieved through this process."); *id.* ("Defendant's license with Microsoft Office expired [in 2017]. Only recently did Defendants learn that Microsoft deleted all of Defendants' emails thirty days after the license expired.").

As a result, in addition to containing their own potential reservoir of unique relevant documents, this older hardware now serves as the only potential (albeit likely incomplete) substitute for the direct production of the pre-2017 emails from Microsoft Outlook that would have been possible absent their erasure -- which Defendants assert occurred without their knowledge for three years.

Although not specifically acknowledged in Defendant's supplemental interrogatory responses or initial disclosures, Defendants' additional relevant electronic document custodians include: (1) computer hard drives of computers currently in use; (2) network drives currently in use; (3) cloud-based drives currently in use or archived; and (4) Dolci's and other managers' cell phone text messages on their phones or in the cloud.

#### B. Plaintiff's Search Term-Based Electronic Document Searches

With respect to Plaintiff's search term-based document requests, in each instance, other

than for text messages, documents are sought from the following critical document custodians: (1) Defendant modeling agency Owner and President Guido Dolci; (2) former agency President Katia Sherman; (3) current agency Vice-President Nadia Shahrik; (4) former agency Vice-President Elizabeth Gubitosi; (5) former accounting personnel Jeanette Vega; (6) former or current accounting personnel Evelina Fernandez; (7) former Booker and/or Assistant Jennifer Nichols; (8) former Booker, Social Media Coordinator, and Social Media Specialist Eric Granwehr; and (8) former Executive Assistant Aryana Rodriguez (collectively, "Major Email Custodians").[1]

> **1. Request No. 1 (2017-2020 Emails From Gmail and Pre-2017 Outlook Emails Forensically Recovered from Defendants' Computers and Servers)**

As to Plaintiff's first document request,[2] Plaintiff narrows her request to the production of Defendants' emails containing the first or last name of Plaintiff or any putative class member followed by a wildcard (*i.e.* [First Name*) and/or [Last Name*)], for the Major Email Custodians: (1) sent purely internally to other Major Model in-house staff (and/or consultant Jean Robert Kuhn); (2) sent to or received by any putative class member Defendants have ever: (i) maintained or alleged, or currently maintain or allege, breached, or attempted to breach, any aspect of their modeling agreement or other obligation to Major (inclusive of the models referenced in Defendants' retaliatory litigation against Plaintiff's current agency Muse Models); (ii) threatened with litigation or engaged with in litigation; (iii) had at any time alleged or complain to Defendant(s) that they had not received all compensation due from Defendant(s); and/or (iv) had request and/or receive a release from any aspect of their contract with Major ("**Conflict Model**"); (3) sent to or received by any agency client a **Conflict Model** had provided modeling services to.

> **2. Request No. 2 (2017-2020 Emails From Gmail and Pre-2017 Outlook Emails Forensically Recovered from Defendants' Computers and Servers)**

As to Plaintiff's second document request,[3] Plaintiff narrows her request to the production of Defendants' emails containing one or more of the requested subject matter-based search terms contained in the request (listed below), that were: (1) sent purely internally to other

---

[1] Without waiving her right to do so at a later date should the needs of the case require it, Plaintiff is not currently seeking production of search term-based documents concerning document requests 8-9, and 50.

[2] Document Request No. 1 ("All emails to or from the Major Email Custodians concerning Plaintiff and/or any member of the Major Classes, and/or their modeling, inclusive of, all emails containing the Boolean search terms "Jasmine*" and/or "Burgess*" and/or the first and/or last name of any member of the Major Classes followed by a wildcard (i.e. [First Name*) and/or [Last Name*]).").

[3] Document Request No. 2 ("To the extent not requested above, all emails to or from the Major Email Custodians containing the Boolean search terms . . . .").

Major model in-house staff or employees (and/or consultant Jean Robert Kuhn); (2) sent to any **Conflict Model**; and/or (3) sent to any agency client a **Conflict Model** had provided modeling services to: rate*, negotiat*, schedule, coordinat*, breach*, contract*, term*, condition*, polic*, practice, calendar, contact w/1 client, check, deactivat*, obligat*, agreement*, sign*, 1099*, tax*, W-9*, W9, advertis*, involuntary, voluntary, mandatory, chargeback*, talk w/3 business, speak w/3 spoken, (lost OR lose) w/5 (job* OR account* OR booking*), (do AND not) w/3 call, through w/3 agency, maintain*, inform* w/3 Major, employment w/2 agency, staffing w/2 agency, experience*, roster, guide*, release*, legal*, measure*, modeling agency, hire*, offer*, marketing, promot*, comp w/2 card*, compcard*, composite w/2 card*, voucher, freelance*, portfolio*, pickup, cancel*, fire*, no w/1 longer, penal*, counsel*, advice, advise, instruct*, feedback, late*, complaint, profile*, introduce*, groom*, chart*, hands-on, hands w/1 on, discret*, responsible*, refer*, essential, personal w/3 information, outside w/3 agency, (manag* OR coordinat* OR supervis*) w/3 (model* OR schedule* OR calendar*), expect* w/5 model*, co-operate*, cooperat*, (never OR "not") w/3 available, book out, bookout, team, weekly, on w/1 time, statement*, cease w/3 desist, unavailable, voucher*, invest*, goal*, objective*, control*, website, chart, workers* w/2 comp*, weight, appearance, attorney*, professional, unprofessional, investigat*, job w/3 (flexible OR survival), replace* w/3 account*, commission*, sub, suspend*, deal w/1 memo, unemployment.

       **3.**       **Request No. 6 (Text Messages and Instant Messages from Defendant Guido Dolci and Vice-President Nadia Shahrick Phones and Cloud Backups)**

As to Plaintiff's sixth document request,[4] Plaintiff narrows her request to the production of text messages, SMS messages, and/or MMS messages to or from Dolci or Shahrick, containing the Boolean search terms "Jasmine*" and/or "Burgess" and/or the first and/or last name of any **Conflict Model** followed by a wildcard (i.e. [First Name*) and/or [Last Name*], and/or search terms of "Jasmine" and/or Burgess, and/or the first and/or last name of any **Conflict Model**.

       **4.**       **Request No. 10 (Shared Drives, Network Drives, and/or Cloud Drives)**

As to Plaintiff's tenth document request, Plaintiff narrows her request to the production of documents from Defendants' shared drives, network drives, and/or cloud drives, containing the Boolean search terms "Jasmine*" and/or "Burgess" and/or the first and/or last name of any **Conflict Model** followed by a wildcard (i.e. [First Name*) and/or [Last Name*], and/or search terms of "Jasmine" and/or Burgess, and/or the first and/or last name of any **Conflict Model**, and/or containing any of the electronic file computer and/or shared drive search terms "Jasmine" or "Burgess" and/or the first and/or last name of any **Conflict Model**.

---

[4] Document Request No. 6. ("To the extent not requested above, all text messages, SMS messages, and/or MMS messages to or from the Major Messaging Custodians, concerning Plaintiff and/or any member of the Major Classes, and/or their modeling work, inclusive of text messages, SMS messages, and/or MMS messages containing the Boolean search terms "Jasmine*" and/or "Burgess" and/or the first and/or last name of any member of the Major Classes followed by a wildcard (i.e. [First Name*) and/or [Last Name*], and/or search terms of "Jasmine" and/or Burgess, and/or the first and/or last name of any member of the Major Classes.").

### 5. Request No. 11 (Shared Drives, Network Drives, and/or Cloud Drives)

As to Plaintiff's eleventh document request, Plaintiff narrows her requests to the production of documents from Defendants' shared drives, network drives, and/or cloud drives, containing one or more of the requested subject matter-based search terms listed in Plaintiff's second document request.[5]

### C. Plaintiff's Group Email Recipient Based Electronic Document Searches (2017-2020 Emails From Gmail and Pre-2017 Outlook Emails Forensically Recovered from Defendants' Computers and Servers)

As originally requested in Plaintiff's fourth document request, Plaintiff requests the production of "all emails sent by the Major Email Custodians with more than thirty of the members of the Major Classes as recipients."[6]

### D. Remaining Subject-Matter Based Electronic Documents

With respect to the remaining subject-matter based document requests, Plaintiff requests that the Court order Defendants to conduct a reasonable, specific, manual search for electronic documents responsive to each request (in addition to searching for responsive hardcopy documents). Each of the additional subject matter-based document requests may require different degrees of effort by Defendants, for both electronic and hardcopy topics, based on the importance of the material at issue. *See Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 308 (S.D.N.Y. 2012) ("[P]laintiffs are entitled to documents, whether in electronic or hard copy form, concerning [Defendants] compensation, promotion, and evaluation policies going back to 2000, two years prior to the beginning of the class period. The only dispute is the degree of effort that [Defendants] must expend in locating such documents. . . . [A] cursory search may be all that is required with respect to marginally relevant documents, while a far more diligent search may be necessary where core documents are at stake."). Because, to date, Defendants have produced few documents concerning the majority of the remaining subject matter-based document requests, Plaintiff has requested a meet and confer with Defendants concerning Doc. Requests Nos. 16-23, 26, 28-34, 36-39, 41, 47-49, 52-53, 61-64, 66-76, 78-79, 81-85, 88-103, 106-07, for July 16, 2021.

For the Court's reference, we have attached Plaintiff's original document requests as **Exhibit A** and Defendants' Responses and Objections as **Exhibit B**.

Respectfully submitted,

Cyrus Dugger

---

[5]   Document Request No. 11. ("To the extent not requested above, all documents on the Major Entities' shared drives, network drives, and/or cloud drives, concerning any of the factual and/or legal allegations in Plaintiff's prior, operative, and/or subsequent filed complaints.").

[6]   Document Request No. 4. ("To the extent not requested above, all emails sent by the Major Email Custodians with more than thirty of the members of the Major Classes as recipients.").