UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASMINE BURGESS, on behalf of all other similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MAJOR MODEL MANAGEMENT, INC. and GUIDO DOLCI<br><br>　　　　　　　　　　Defendants. | CIVIL ACTION NO.:<br>1:20-CV-02816-GHW |

## MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW AS COUNSEL

Goldberg Segalla LLP ("GS" or the "Firm") respectfully submits this memorandum of law and declaration of Matthew S. Trokenheim, pursuant to Local Civil Rule 1.4, in support of its motion by order to show cause for an order permitting it to withdraw as counsel to Defendants Major Model Management, Inc. ("Major") and Guido Dolci (Mr. Dolci, together with Major, "Defendants"). GS proceeds here by order to show cause, rather than by notice of motion to obtain a prompt adjudicating given the circumstances for this request.

### STATEMENT OF FACTS

As this Court is no doubt familiar with the procedural history of this case, the following paragraphs provide only a short summary. On April 3, 2020, Burgess filed an individual action against Defendants under the federal and New York State wage and hour laws. ECF No. 1. On June 18, 2020, Defendants answered. ECF No. 12. On June 19, 2020, the Court referred the matter to mediation, which concluded with a Final Report of Mediator on November 10, 2020.

After the failure of mediation to resolve the dispute current counsel and movant, GS, substituted in for prior counsel on November 18, 2020. On December 2, 2020, the Court entered

31042075.v1

a Civil Case Management Plan and Scheduling Order. ECF No. 28. On January 1, 2021, Plaintiff filed its First Amended Complaint, adding class claims. ECF No. 31. On January 22, 2021, Defendants requested a pre-motion conference on a motion to dismiss, and on February 25, 2021 filed a motion to dismiss. ECF Nos. 39-41.

On March 3, 2021, Plaintiffs sought to amend their Complaint again, and on March 26, 2021 filed her Second Amended Complaint. ECF Nos. 42, 49. On April 16, 2021, Defendants filed a new motion to dismiss; on May 7, 2021, Plaintiff filed opposition; and on May 14, 2021, Defendants filed their reply. ECF Nos. 52, 62-63, 67. The motion remains outstanding.

Between the December 2, 2020 and the date of this motion, the parties wrote to the Court regarding various discovery issues and extensions of dates, including on April 28, May 18, June 22, June 25, July 9, July 12, , July 16, July 30, August 16, 2021. ECF Nos. 54, 55, 68, 75, 76, 81, 82, 85, 88. Among the issues raised in the various conferences had as result of these letters, Defendants have raised their lack of resources to address the voluminous discovery sought by Plaintiffs as a result of their amending their pleading to add class allegations. See e.g. ECF Nos. 82; *see aso* Trokenheim Decl. ¶ 5; . Specifically, Defendants have noted that they suffer from technological obstacles, and limitations on staff and funds available to address their technological issues, and limitations on technological know-how available to address their technological issues in an efficient and expeditious manner. Trokenheim Decl. ¶ 6.

The staffing and funding issues also affect Defendants' ability to work with counsel. Since Plaintiff's amended their Complaint to assert class claims, the volume of discovery demanded from Plaintiffs has far outpaced Defendants' ability to comply, necessitating frequent and lengthy meet and confers, and court conferences. *Id*. ¶ 8. Substantial legal fees and e-

discovery vendor bills remain outstanding, and are expected to increase dramatically in the coming months. *Id.* ¶ 9.

Defendants have indicated their inability to pay existing and future bills as they come due. *Id.* ¶ 11. Defendants have requested the amounts outstanding be withheld from public record (*id.* ¶ 12), but counsel can apprise the Court in camera or in an additional sealed submission upon request.

## ARGUMENT

### A.    Legal Standard

Local Civil Rule 1.4 provides that an attorney may be relieved "only by order of the court" and "[s]uch an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case including its position, if any, on the calendar." New York Rule of Professional Conduct 1.16(c), which governs declining or terminating representation, allows an attorney to withdraw if any one of a number of conditions exist, including, when "the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees." In addition, under Rule 1.16(c)(7) of the New York Rules of Professional Conduct, the lawyer may withdraw where "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively." *See Karimian v. Time Equities, Inc.*, 2011 U.S. Dist. LEXIS 51916, at *4-5 (S.D.N.Y. May 11, 2011) (citations omitted).

"In determining whether to grant a motion to withdraw as counsel, district courts . . . analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *Batres v. Valente Landscaping Inc.*, No. 14-CV-1434 (SIL), 2016 WL 4991595, at *2 (E.D.N.Y. Sept. 15, 2016) (internal citations omitted). "Whether to grant or deny

a motion to withdraw as counsel 'falls to the sound discretion of the trial court.'" *S.E.C. v. Gibraltar Glob. Sec., Inc.*, No. 13-CV-2575 (GBD) (JCF), 2015 WL 2258173, at *1 (S.D.N.Y. May 8, 2015) (quoting *Stair v. Calhoun*, 722 F. Supp. 2d 258, 264 (E.D.N.Y. 2010)).

### B. Defendants' Nonpayment of Fees Constitutes "Good Cause" Justifying Withdrawal

"'[I]t is well-settled in the Eastern and Southern Districts of New York that non-payment of legal fees is a valid basis for granting a motion to withdraw pursuant to Local Civil Rule 1.4.'" *Police Officers for a Proper Promotional Process v. Port Auth. of New York and New Jersey*, No. 11-CV-7478 (LTS)(JCF), 2012 WL 4841849, at *1 (S.D.N.Y. Oct. 10, 2012).

Courts in this Circuit repeatedly have allowed counsel to withdraw where the client refuses or fails to compensate the attorney for the provision of legal services. *See, e.g., Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08-CV-6469 (DAB)(JCF), 2011 WL 672245 (S.D.N.Y. Feb. 17, 2011) (non-payment of legal fees constitutes a "satisfactory reason for allowing a withdrawal"); *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 166 (E.D.N.Y. 2006) ("Courts have long recognized that a client's continued refusal to pay legal fees constitutes a 'satisfactory reason' for withdrawal under Local Rule 1.4."). Nonpayment of legal fees "is a legitimate ground for granting counsel's motion to withdraw," as a court cannot "force Plaintiff's counsel to proceed pro bono." *Cower v. Albany Law School of Union University*, 04-CV-0643 (DAB), 2005 WL 1606057, at *5 (S.D.N.Y. July 8, 2005); *see also Centrifugal Force, Inc. v. SoftNet Commc'n, Inc.*, No. 08-CV-5463 (CM)(GWG), 2009 WL 969925, at *2 (S.D.N.Y. Apr. 6, 2009) ("Attorneys are not required to represent clients without remuneration, and the failure to pay invoices over an extended period is widely recognized as grounds for leave to withdraw.").

Here, GS entered into a retainer agreement with Defendants signed November 17, 2020, under which Defendants agreed to pay GS for legal services rendered in defense of an action by Ms. Jasmine Burgess, and in which Defendants agreed that GS could terminate representation if Defendants fail to pay fees when due. Trokenheim Decl. ¶ 3. Since the initial retainer, Defendants have incurred a substantial amount of legal fees and expenses, but have paid only a small fraction of the fees. Trokenheim Decl. ¶ 4. Current fees are as much as four months past due. *Id.* ¶ 4. Certain vendor expenses also remaining unpaid, and additional such expenses will necessarily be incurred to satisfy e-discovery obligations. *Id.* ¶ 9. Accordingly, the Firm has repeatedly advised the clients that it cannot continue to represent them if a significant portion of the outstanding balance is not paid. *Id.* ¶ 10.

Defendants have indicated that their financial condition is poor, and it is not feasible for them to continue to pay fees or expenses. *Id.* ¶¶ 7, 11. Their accounts payables far exceeds their accounts receivables. *Id.* ¶ 7. Defendants have indicated that their own collections have been hampered by market conditions. *Id.*

Given Defendants' dire financial position, it is not feasible for GS to effectively represent Defendants, as Defendants cannot realistically be expected to provide GS with the tools and information necessary to defend them in this action. A substantial amount of discovery and motion practice remains to be completed, as well as e-discovery vendor expenses necessary to comply with outstanding discovery demands. Defendants' inability to pay outstanding fees and expenses or incur any additional fees or expenses has and will severely hamper GS's ability to provide a defense. Under these circumstances, GS has demonstrated a satisfactory reason for its withdrawal from this matter.

### B. Goldberg Segalla's Withdrawal Will Not Unduly Delay the Proceeding

Allowing GS to withdraw as counsel at this time will not unduly delay this proceeding. Trokenheim Decl. ¶ 13. Defendants have a motion to dismiss that is fully briefed and pending determination. *Id*. Defendants have produced more than 15,000 pages of documents, and while additional electronic documents remain outstanding, the current discovery schedule permits Plaintiff another three months to take this discovery. *Id*. New counsel will have ample time to get up to speed to complete discovery if Defendants choose to do so.

In evaluating the impact of counsel's withdrawal on a prosecution, "[c]ourts should consider whether allowing counsel to withdraw would be too disruptive or cause too much delay, especially when the case is on the verge of trial." *Bruce Lee Enters., LLC v. A.V.E.L.A., Inc.*, 2014 U.S. Dist. LEXIS 37574, at *8 (S.D.N.Y. 2014). If discovery is not complete and trial is unscheduled, counsel's withdrawal does not disrupt proceedings or cause undue delay. *See Whiting v. Lacara*, 187 F.3d 317, 321 (2d Cir. 1999) (noting that in some instances withdrawal is appropriate "even at the cost of significant interference with the trial court's management of its calendar"); *Brown v. Nat'l Survival Games*, No. 91-cv-221, 1994 U.S. Dist. LEXIS 16572, at *10 (N.D.N.Y. 1994) (granting motion to withdraw because discovery "is not complete and the case is not presently scheduled for trial" and withdrawal would "not likely cause undue delay."). In fact, courts frequently grant motions to withdraw as counsel at equivalent, or even later, stages of litigation. *See, e.g., D.E.A.R. Cinestudi S.P.A. v. Int'l Media Films, Inc.*, No. 03-CV-3038 (RMB), 2006 WL 1676485, at *1-2 (S.D.N.Y. June 16, 2006) (granting counsel's motion to withdraw due to lack of payment of fees where discovery was complete and trial was months away); *Promotica of America, Inc. v. Johnson Grossfield, Inc.*, No. 98-CV-7414, 2000 WL

31042075.v1

424184, at *1-2 (S.D.N.Y. Apr. 18, 2000) (granting motion to withdraw where discovery was closed and case was ready for trial).

Here, the case is in the middle of fact discovery, no depositions have taken place, plaintiffs have not moved to certify a class, Defendants' motion to dismiss remains unadjudicated, and trial has not been scheduled. Thus, the case's posture is such that granting counsel's motion to withdraw will not materially disrupt prosecution of the case or cause undue delay.

## CONCLUSION

For the foregoing reasons Goldberg Segalla respectfully requests that its motion for leave to withdraw as counsel of record for defendants Major Model Management, Inc. and Guido Dolci be granted.

Dated: New York, New York
August 31, 2021

GOLDBERG SEGALLA LLP

By: \s\ Matthew S. Trokenheim
Matthew S. Trokenheim
711 Third Avenue, Suite 1900
New York, New York 10017
Phone: (646) 292-8700
Fax: (646) 292-8701
*Attorneys for Defendants*
*Major Model Management, Inc. and*
*Guido Dolci*

To: All Counsel (via ECF)

31042075.v1