UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASMINE BURGESS, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>-against-<br><br>MAJOR MODEL MANAGEMENT, INC., et al.,<br><br>       Defendants. | 20-cv-02816 (JLR)<br><br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

   Plaintiff initiated this putative class action on April 3, 2020 alleging her employers, Defendants Major Model Management, Inc. ("MMM") and principal Guido Dolci ("Dolci"), misclassified her and others similarly situated as independent contractors and failed to pay minimum wage pursuant to the Fair Labor Standards Act and New York Labor Law, among other violations. *See generally* ECF No. 1 ("Compl."). This case has been automatically stayed with respect to Defendant MMM since February 14, 2022 when the company filed for bankruptcy. *See* ECF No. 149. Plaintiff now moves for a stay of discovery with respect to the individual Defendant Dolci (ECF No. 186, "Mot. to Stay") and moves to compel the production of emails from Defendant Dolci (ECF No. 187). For the reasons stated below, the Court grants the stay of discovery and denies the motion to compel with leave to renew.

## BACKGROUND

   Plaintiff seeks to temporarily stay the case as against individual Defendant Dolci until the Defendant MMM's bankruptcy proceeding is resolved so that Plaintiff can obtain relevant documents from MMM before proceeding to the summary judgment stage of the case. Mot. to Stay at 1-2. Plaintiff asserts that Dolci's email account at guido@majormodel.com will be highly relevant to the case and "the automatic stay [regarding MMM] currently blocking this

production will likely terminate within just a few months." *Id.* at 2. Plaintiff therefore seeks to stay this case until he can obtain these emails to enable him to adjudicate this case with a full record. *Id.* Plaintiff further asks the Court resolve various discovery disputes and compel production of documents from Dolci. *Id.* at 3.

## DISCUSSION

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (citation and internal quotation marks omitted). In determining whether to enter a stay, "courts in this district consider five factors: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Loftus v. Signpost Inc.*, 464 F. Supp. 3d 524, 526 (S.D.N.Y. 2020).

First, Plaintiff's request for the stay clearly favors granting the stay. Plaintiff has considered the consequences of a delay, which she has already endured in this case, and has decided that her interests in pursuing holistic discovery outweigh any prejudice of a delay. *See* Mot. to Stay at 3; *Grand River Enterprises Six Nations, Ltd. v. Pryor*, No. 02-CIV-5068 (JFK), 2004 WL 2480433, at *3 (S.D.N.Y. Nov. 3, 2004), *aff'd*, 425 F.3d 158 (2d Cir. 2005) ("The first factor is not at issue because plaintiffs request the stay.").

Second, an evaluation of the burden on Defendant weighs in favor of the stay. In opposing the stay, Defendant points to how long the case has been pending and asserts that the case caused him to "file a Chapter 11 with my company." ECF No. 190 ("Def. Reply" at 2). Defendant would like a judgment, claims Plaintiff is "wasting more time," and believes

Plaintiff "is lacking proof." *Id.* at 2.  Despite Defendant's protestations, the burden on Defendant of a stay is not significant.  This stay has a definite end date: the termination of the bankruptcy proceedings, which will likely be in the next few months.  *See LaSala v. Needham & Co.*, 399 F. Supp. 2d 421, 430 (S.D.N.Y. 2005) (granting stay when the stay did "not delay the [claims] indefinitely").  This case has already been elongated by Defendants' failure to comply with discovery orders and extensions requests.  *See, e.g.*, ECF No. 96 at 32:7-17; 33:21-25; 34:12-18; ECF Nos. 88, 90; ECF No. 54 (Defendants' counsel requesting a stay as a result of pending motion to dismiss); ECF No. 116 (case stayed to allow Defendants to obtain new counsel after counsel withdrew); ECF No. 130 (staying case after motion to dismiss was denied in part and granted in part); ECF No. 147 (continuing stay in case at Defendant's request); ECF No. 149 (case automatically stayed as to Major Model Management, Inc. due to bankruptcy proceedings).  Defendants' newfound sense of urgency, potentially to avoid adjudication on a full record, is unpersuasive.

  Third, while the Court does have an interest in the timely resolution of cases, the Court also has an interest in judicial economy.  *See Russian Standard Vodka (USA), Inc. v. Allied Domecq Spirits & Wine USA, Inc.*, 523 F. Supp. 2d 376, 384 (S.D.N.Y. 2007) (granting stay pending external proceeding because awaiting "[t]his decision would promote judicial economy and be informative to the court in its own decision regarding the remaining claims").  Here, a stay will allow the litigation to proceed with a full record as to both Defendants.

  Fourth, there are no recognizable interests of third parties that bear on this decision.

  Fifth, Plaintiff argues that the public interest would be served "by a resolution of the important question of legal status of the members of the putative class under the FLSA."  Mot. to Stay at 3.  This factor is neutral as this argument speaks to the importance of the case to Plaintiff, not to the impact of a stay on the public interest.

On balance, the factors weigh in favor of permitting the stay for a limited time, at Plaintiff's request, so that Plaintiff can adjudicate her case with a complete record.

## CONCLUSION

Accordingly, for the reasons stated above this case is stayed until two weeks after the stay is lifted in the MMM bankruptcy. Given that the present action is stayed, the Court denies Plaintiffs motion to compel discovery (ECF No. 187) with leave to renew once the stay is lifted so that the request can be reevaluated in the context of the totality of discovery from all Defendants.

Plaintiff is directed to serve a copy of this order on Defendant by email.

The Clerk of Court is respectfully directed to mail a copy of this order to the *pro se* Defendant at the following addresses: Via Patroclo, nr. 199 20151, Milano, Italy and 344 W. 38th, St. #602 New York, NY 10018; and 344 W. 38th St. New York, NY 10018.

Dated: February 5, 2023
       New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge